# No. 26-30199

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Walter Allen DuBose,

Plaintiff - Appellee

v.

Paul Campbell, Warden; Donna Norman, Nurse,

Defendants - Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

**RECORD EXCERPTS**

SUBMITTED BY:
Jason Paul Wixom
1615 Poydras Street
New Orleans, LA 70112

# Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 3:24-CV-120 | ROA.1-15 | Tab 1 |
| Notice of Appeal | ROA.587-588 | Tab 2 |
| Order on Motion for Summary Judgment | ROA.572 | Tab 3 |
| Report and Recommendations | ROA.526-553 | Tab 4 |
| Objection to Report and Recommendations | ROA.561-569 | Tab 5 |

**TAB 1**

APPEAL,LAW_CLERK_3,PRISON

<u>Jump to Docket Table</u>

# U.S. District Court
## Western District of Louisiana (Monroe)
## CIVIL DOCKET FOR CASE #: 3:24-cv-00120-DCJ-KDM
## Internal Use Only

DuBose v. Campbell et al
Assigned to: Judge David C Joseph
Referred to: Magistrate Judge Kayla D McClusky
Case in other court:  5CCA, 26-30199
                Louisiana Eastern, 2:24-cv-00267
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 01/30/2024
Jury Demand: None
Nature of Suit: 555 Prisoner Petitions: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Walter Allen DuBose**

    represented by    **Walter Allen DuBose**
116005
Raymond Laborde Correctional Center
1630 Prison Rd
Cottonport, LA 71327
PRO SE

V.

**Defendant**

**Paul Campbell**
*Warden*

    represented by    **Jason Paul Wixom**
Rodrigue & Arcuri (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Fax: 504-592-4641
Email: <u>jason@rodriguearcuri.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Blake Joseph Arcuri**
Rodrigue & Arcuri (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Email: <u>blake@rodriguearcuri.com</u>
*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**
Rodrigue & Arcuri (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112

<span style="color:red">26-30199.1</span>

504-592-4600
Email: lrodrigue@fralawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donna Norman**
*Nurse*

represented by **Jason Paul Wixom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Blake Joseph Arcuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chris Jenkins**
*Captain*
*TERMINATED: 06/06/2024*

**Defendant**

**Ouachita Correctional Center**
*Chief Administrator*
*TERMINATED: 07/15/2024*

**Defendant**

**Medical Dept of Ouachita Correctional Center**
*TERMINATED: 07/15/2024*

**Defendant**

**Administration Ouachita Correctional Center**
*TERMINATED: 07/15/2024*

**Defendant**

**Court of Ouachita Parish**
*TERMINATED: 07/15/2024*

**Defendant**

**Unknown Judge**
*TERMINATED: 06/06/2024*

**Defendant**

**Unknown District Attorney**
*TERMINATED: 06/06/2024*

**Defendant**

**Sgt Wells**
*TERMINATED: 07/15/2024*

**Defendant**

**Chris Jerkins**
*Captain*
*TERMINATED: 07/15/2024*

**Defendant**

**B Scott Leehy**
*Judge*
*TERMINATED: 07/15/2024*

**Defendant**

**Holly Chambers**
*District Attorney*
*TERMINATED: 07/15/2024*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2024 | 1 (p.16) | COMPLAINT against Paul Campbell, Chris Jenkins, Donna Norman, Quachita Correctional Center filed by Walter Allen Dubose. (Attachments: # 1 (p.16) Cover Letter, # 2 (p.30) Civil Cover Sheet)(ss) [Transferred from Louisiana Eastern on 1/30/2024.] (Entered: 01/30/2024), (QC'ed on 01/30/2024, by Alexander , E) |
| 01/29/2024 | 2 (p.30) | DEFICIENT MOTION for Leave to Proceed in forma pauperis filed by Walter Allen Dubose. Motion(s) referred to Janis van Meerveld. (ss) [Transferred from Louisiana Eastern on 1/30/2024.] Modified on 2/7/2024 - not on approved form (Taylor, L). (Entered: 01/30/2024), (QC'ed on 01/30/2024, by Alexander , E) |
| 01/30/2024 | 3 (p.36) | ORDER AND REASONS: IT IS ORDERED that the captioned matter be TRANSFERRED to the United States District Court for the Western District of Louisiana. IT IS FURTHER ORDERED that determination of pauper status is DEFERRED to the United States District Court for the Western District of Louisiana. Signed by Magistrate Judge Janis van Meerveld on 1/30/2024.(lb) [Transferred from Louisiana Eastern on 1/30/2024.] (Entered: 01/30/2024), (QC'ed on 01/30/2024, by Alexander , E) |
| 01/30/2024 | 4 (p.38) | DISTRICT CASE transferred in from District of Louisiana Eastern; Case Number 2:24-cv-00267. Original file copy of transfer order and docket sheet received (Entered: 01/30/2024) |
| 01/30/2024 |  | CASE Assigned to Judge David C Joseph and Magistrate Judge Kayla D McClusky. Motions referred to Magistrate Judge Kayla D McClusky. (crt,Taylor, L) (Entered: 02/07/2024) |
| 02/07/2024 | 5 (p.40) |  |

| | | |
|---|---|---|
| | | PROPOSED MEMORANDUM ORDER Referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 2/7/2024. (crt,Taylor, L) (Entered: 02/07/2024), (QC'ed on 02/07/2024, by Taylor , L) |
| 02/09/2024 | 6 (p.41) | MEMORANDUM ORDER: Plaintiff failed to submit filing fee or a completed IFP application. ( Pro Se Deadline to comply with deficiency set for 3/11/2024). Signed by Magistrate Judge Kayla D McClusky on 2/8/2024. (Attachments: # 1 (p.16) IFP Application)(crt,Leday, A) (Entered: 02/09/2024) |
| 02/15/2024 | 7 (p.50) | MAIL RETURNED as Undeliverable: Mail sent to Walter Allen DuBose, Winn Correctional Center, re: 3 (p.36) Transfer Order, returned marked: RTS. unknown. Action taken: Clerk resent to plaintiff at cuurent address Ouachita Parish Correctional Center. (crt,Haik, K) (Entered: 02/20/2024) |
| 03/01/2024 | 8 (p.55) | MOTION for Leave to Proceed in forma pauperis by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Page 6 not signed.) (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) Modified remove deficiency notation on 5/10/2024 (Devillier, W). (Additional attachment(s) added on 5/10/2024: # 2 (p.30) Proposed order) (Devillier, W). (Entered: 03/04/2024), (QC'ed on 03/04/2024, by Haik , K) |
| 03/01/2024 | 9 (p.63) | LETTER/MOTION for Order re IFP Application by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 3/1/2024. (Attachments: # 1 (p.16) Exhibits, # 2 (p.30) Envelope)(crt,Haik, K) (Entered: 03/04/2024), (QC'ed on 03/04/2024, by Haik , K) |
| 03/01/2024 | | (Court only) ***Staff notes (non-public entry - for Court Staff only): Clerk did not resend accounts officer page due to plaintiff's Letter/Motion re the jail's refusal to sign. Clerk will await ruling on plaintiff's request to contact the jail directly before resending the accounts officer page. (crt,Haik, K) (Entered: 03/04/2024) |
| 03/01/2024 | 10 (p.70) | MOTION to Amend/Correct by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 03/04/2024), (QC'ed on 03/04/2024, by Haik , K) |
| 03/01/2024 | | (Court only) ***Set ATTENTION Flag. Doc. 10 is request to amend claims to include "denial of due process" claims for facility failure to complete ifp form. Clerk will refer motion when case deficiency is corrected. (crt,Haik, K) (Entered: 03/04/2024) |
| 03/06/2024 | 11 | ELECTRONIC ORDER granting 10 (p.70) Motion to Amend/Correct. Signed by Magistrate Judge Kayla D McClusky on 3/6/2024. (jud,McClusky, Kayla) (Entered: 03/06/2024), (QC'ed on 03/08/2024, by Leday , A) |
| 03/11/2024 | 12 (p.72) | ORDER: Clerk of Court to serve, by certified mail, the Warden of Ouachita Parish Correctional Center with a copy of this order and the accounts officer page. IT IS FURTHER ORDERED that within 30 days from the date of this Order, the Warden shall comply as ordered. Signed by Magistrate Judge Kayla D McClusky on 3/11/2024. (crt,Leday, A) (Entered: 03/11/2024) |
| 03/11/2024 | 13 (p.73) | RECEIPT of Certified Mail to Warden at Ouachita Parish Correctional Center, per 12 (p.72) Order. (crt,Leday, A) (Entered: 03/11/2024) |
| 03/12/2024 | 14 | ELECTRONIC ORDER mooting 9 (p.63) Motion. The Court has ordered that prison officials provide the necessary information already. Signed by Magistrate Judge Kayla D McClusky on 3/12/2024. (jud,McClusky, Kayla) (Entered: 03/12/2024), (QC'ed on 03/13/2024, by Leday , A) |

| | | |
|---|---|---|
| 03/13/2024 | 15 (p.74) | CERTIFIED MAIL RETURN RECEIPT served on Warden of Ouachita Parish Correctional Center on 3/12/24 re: 12 (p.72) Order. (crt,Leday, A) (Entered: 03/13/2024) |
| 03/13/2024 | 16 (p.75) | AMENDED COMPLAINT against All Defendants filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 03/14/2024) |
| 03/14/2024 | 17 (p.79) | AMENDED COMPLAINT against All Defendants filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 03/18/2024) |
| 03/14/2024 | | (Court only) ***Staff notes (non-public entry - for Court Staff only): Doc. 17 (p.79) is a near duplicate of doc. 16 (p.75) . (crt,Haik, K) (Entered: 03/18/2024) |
| 03/27/2024 | 18 (p.83) | MOTION to Amend/Correct 1 (p.16) Complaint by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 03/28/2024), (QC'ed on 04/01/2024, by Haik , K) |
| 03/27/2024 | | (Court only) ***Staff notes (non-public entry - for Court Staff only): Refer doc. 18 when deficiency is corrected. Clerk sent a docket sheet to plaintiff showing all documents received on 3/28/24. (crt,Haik, K) (Entered: 03/28/2024) |
| 04/26/2024 | 20 (p.88) | MOTION for Preliminary Injunction by Walter Allen DuBose. Motion Ripe Deadline set for 4/26/2024. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 05/01/2024), (QC'ed on 05/01/2024, by Haik , K) |
| 04/26/2024 | | Motions Transferred regarding 20 (p.88) MOTION for Preliminary Injunction. Motions referred to Magistrate Judge Kayla D McClusky. (crt,Haik, K) (Entered: 05/02/2024) |
| 04/30/2024 | 19 (p.87) | ORDER TO SHOW CAUSE: Within 7 days from the date of this order, the Warden of Ouachita Parish Correctional shall show cause why the Court should not impose sanctions for failure to comply with the 3/11/24 Order. The Clerk of Court shall serve, by certified mail, the Warden of Ouachita Parish Correctional Center with a copy of the 3/11/24 Order and the Court's accounts officer page. Signed by Magistrate Judge Kayla D McClusky on 4/30/2024. (crt,Leday, A) (Entered: 04/30/2024) |
| 05/01/2024 | 21 (p.91) | RECEIPT of Certified Mail A copy of the 19 (p.87) Order, 3/11/24 Order, and IFP page 6 provided. (Attachments: # 1 (p.16) IFP page 6) (crt,Leday, A) Modified on 5/1/2024 to edit text (Leday, A). (Entered: 05/01/2024) |
| 05/02/2024 | | Motions Transferred regarding 20 (p.88) MOTION for Preliminary Injunction. Motions referred to Judge David C Joseph. (crt,Leday, A) (Entered: 05/02/2024) |
| 05/02/2024 | 22 (p.93) | ORDER: Within 14 days of the date of this Order, Warden Paul Campbell and Nurse Donna Norman shall show cause why the Court should not grant Plaintiff's 20 (p.88) MOTION and order them to provide medical care Plaintiff seeks. THE CLERK OF COURT IS INSTRUCTED to mail a copy of this Order and a copy of Plaintiff's 20 (p.88) motion by certified mail to Warden Paul Campbell and Nurse Donna Norman at Ouachita Correctional Center. Signed by Magistrate Judge Kayla D McClusky on 5/2/2024. (crt,Leday, A) (Entered: 05/02/2024) |
| 05/02/2024 | | (Court only) ***Deadlines/Hearings terminated. Motion Ripe Deadline terminated re 20 (p.88) . (crt,LaCombe, L) (Entered: 05/02/2024) |
| 05/03/2024 | 23 (p.95) | RECEIPT of Certified Mail. A copy of 20 (p.88) Motion & 22 (p.93) Order provided to Warden Campbell and Nurse Norman. (crt,Leday, A) (Entered: 05/03/2024) |

| 05/06/2024 | 24 (p.96) | CERTIFIED MAIL RETURN RECEIPT served on Warden, Ouachita Correctional Center re: 19 (p.87) Order to Show Cause. (crt,Miletello, A) (Entered: 05/07/2024) |
|---|---|---|
| 05/08/2024 | 25 (p.97) | CERTIFIED MAIL RETURN RECEIPT served on Warden Campbell & Nurse Donna Norman on 5/6/2024 re: 22 (p.93) Order. (crt,Miletello, A) (Entered: 05/08/2024) |
| 05/09/2024 | 26 (p.98) | MOTION to Appoint Counsel by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Envelope)(crt,Devillier, W) (Entered: 05/10/2024), (QC'ed on 05/10/2024, by Devillier , W) |
| 05/09/2024 | 27 (p.100) | CORRECTIVE DOCUMENT entitled Prison Accounts Officer Page filed by Walter Allen DuBose regarding 8 (p.55) MOTION for Leave to Proceed in forma pauperis.. (Attachments: # 1 (p.16) Exhibit, # 2 (p.30) Attachment, # 3 (p.36) Envelope)(crt,Devillier, W) (Entered: 05/10/2024) |
| 05/10/2024 | | (Court only) ***Set ATTENTION Flag. Refer Doc 26 (p.98) MOTION to Appoint Counsel to Magistrate Judge McClusky and set Motion Ripe Deadline once deficiency has been corrected. (crt,Devillier, W) (Entered: 05/10/2024) |
| 05/10/2024 | | (Court only) ***Cleared SEC_P_DEF and ATTENTION Flags. ***Pro Se Deficiency deadline terminated. ***Set/Reset Deadlines as to 8 (p.55) MOTION for Leave to Proceed in forma pauperis, 18 (p.83) MOTION to Amend/Correct 1 (p.16) Complaint, and 26 (p.98) MOTION to Appoint Counsel. (Motion Ripe Deadline set for 5/9/2024.). ***Motions terminated: 2 (p.30) MOTION for Leave to Proceed in forma pauperis filed by Walter Allen DuBose. Reason for termination: Doc 8 (p.55) Motion for Leave to Proceed In Forma Pauperis and Doc 27 (p.100) CORRECTIVE DOCUMENT entitled Prison Accounts Officer Page filed. (crt,Devillier, W) (Entered: 05/10/2024) |
| 05/13/2024 | 28 (p.106) | MEMORANDUM in Opposition re 20 (p.88) MOTION for Preliminary Injunction filed by Paul Campbell, Donna Norman. (Attachments: # 1 (p.16) Exhibit Exhibit A-Medical Records, # 2 (p.30) Exhibit Exhibit B-Correspondence from Plaintiff)(aty,Wixom, Jason) (Entered: 05/13/2024), (QC'ed on 05/13/2024, by Devillier , W) |
| 05/13/2024 | | (Court only) ***Attorney added: Jason Paul Wixom, Blake Joseph Arcuri, Laura Cannizzaro Rodrigue for Paul Campbell. Jason Paul Wixom, Blake Joseph Arcuri, Laura Cannizzaro Rodrigue for Donna Norman. (crt,Devillier, W) (Entered: 05/13/2024) |
| 05/15/2024 | 29 (p.123) | MEMORANDUM ORDER: For the reasons stated, Motion for Preliminary Injunction [Doc. 20] is DENIED. Signed by Judge David C Joseph on 5/15/2024. (crt,LaCombe, L) (Entered: 05/15/2024) |
| 05/15/2024 | 30 | ELECTRONIC ORDER granting 18 (p.83) Motion to Amend/Correct. Signed by Magistrate Judge Kayla D McClusky on 5/15/2024. (jud,McClusky, Kayla) (Entered: 05/15/2024), (QC'ed on 05/16/2024, by Leday , A) |
| 05/15/2024 | 31 (p.128) | MEMORANDUM ORDER granting 8 (p.55) Motion for Leave to Proceed in forma pauperis. No initial filing fee due. Further ordered that plaintiff make payments of 20 percent of income for preceding month until $350.00 has been paid in full. Clerk manually noticed Prison Accounts Officer.. Signed by Magistrate Judge Kayla D McClusky on 5/15/2024. (crt,Devillier, W) (Entered: 05/15/2024) |

| 05/15/2024 | 32 (p.129) | ORDER denying 26 (p.98) Motion to Appoint Counsel. Signed by Magistrate Judge Kayla D McClusky on 5/15/2024. (crt,Leday, A) (Entered: 05/15/2024) |
|---|---|---|
| 05/15/2024 | 33 (p.132) | AMENDED COMPLAINT against Medical Dept of Ouachita Correctional Center, Administration Ouachita Correctional Center, Court of Ouachita Parish, Unknown Judge, Unknown District Attorney, Wells filed by Walter Allen DuBose. (Originally filed as doc. 18 (p.83) Motion to Amend.) (crt,Haik, K) (Entered: 05/20/2024) |
| 05/22/2024 | | (Court only) ***REVIEW - INITIAL completed. (Non-public entry - for Court Staff only.) Order to Amend. (crt,Tugwell, T) (Entered: 05/22/2024) |
| 05/22/2024 | 34 (p.135) | MEMORANDUM ORDER: Directing plaintiff to amend complaint within 30 days of the filing of this Order to cure deficiencies outlined. Plaintiff shall dismiss any claims that he is unable to cure through amendment. Plaintiffshall also notify the Court of any change in his address. Pro Se Response due by 6/21/2024. Signed by Magistrate Judge Kayla D McClusky on 5/22/2024. (crt,Leday, A) (Entered: 05/22/2024) |
| 06/06/2024 | 35 (p.140) | LETTER/RESPONSE by Walter Allen DuBose re 29 (p.123) Order on Motion for Preliminary Injunction. (Attachments: # 1 (p.16) Letter, # 2 (p.30) Envelope)(crt,Haik, K) (Entered: 06/12/2024) |
| 06/06/2024 | 36 (p.143) | AMENDED COMPLAINT against Paul Campbell, Donna Norman, Ouachita Correctional Center, Administration Ouachita Correctional Center, Medical Dept of Ouachita Correctional Center, Court of Ouachita Parish, Wells, Chris Jerkins, B Scott Leehy, Holly Chambers filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Exhibit, # 2 (p.30) Envelope)(crt,Haik, K) (Entered: 06/13/2024) |
| 06/06/2024 | | (Court only) *** Party Unknown Judge, Chris Jenkins (Captain) and Unknown District Attorney terminated. Unknown Judge and Unknown District Attorney identified as B Scott Leehy, Holly Chambers. Chris Jenkins corrected to Chris Jerkins. (crt,Haik, K) (Entered: 06/13/2024) |
| 06/17/2024 | | (Court only) ***REVIEW - FINAL completed. (Non-public entry - for Court Staff only.) R&R and Service Order (crt,Tugwell, T) (Entered: 06/17/2024) |
| 06/17/2024 | 37 (p.152) | MOTION for Order for Production of Medical Records by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 6/17/2024. (Attachments: # 1 (p.16) Cover Letter, # 2 (p.30) Envelope)(crt,Devillier, W) (Entered: 06/18/2024), (QC'ed on 06/18/2024, by Devillier , W) |
| 06/24/2024 | 41 (p.190) | LETTER from Plaintiff to Court dated 6/18/24. (Attachments: # 1 (p.16) Envelope) (crt,Haik, K) (Entered: 06/26/2024) |
| 06/25/2024 | 38 (p.155) | REPORT AND RECOMMENDATIONS: IT IS RECOMMENDED that Plaintiff's access-to-court claim be DISMISSED WITHOUT PREJUDICE as unripe. IT IS FURTHER RECOMMENDED that Plaintiff's claim as outlined be DISMISSED WITH PREJUDICE. Objections to R&R due by 7/9/2024. Signed by Magistrate Judge Kayla D McClusky on 6/25/2024. (crt,Leday, A) (Entered: 06/25/2024) |
| 06/25/2024 | 39 (p.180) | SERVICE ORDER: Clerk is directed to serve plaintiff with two summons forms and one USM 285 form for each defendant to be completed by plaintiff and returned to clerk for service by U S Marshal. Clerk manually noticed order with forms. Pro Se Response due by 7/25/2024. Signed by Magistrate Judge Kayla D McClusky on 6/25/2024. (Attachments: # 1 (p.16) Summons Forms, # 2 (p.30) USM Forms)(crt,Leday, A) (Entered: 06/25/2024) |

26-30199.7

| | | |
|---|---|---|
| 06/25/2024 | 40 (p.188) | MEMORANDUM ORDER denying 37 (p.152) Motion for Order for Production of Medical Records, at this time, subject to his right to re-urge. See pdf for details. Signed by Magistrate Judge Kayla D McClusky on 6/25/2024. (crt,Leday, A) (Entered: 06/25/2024) |
| 07/02/2024 | 43 (p.194) | REQUEST from Walter Allen DuBose for a Habeas Corpus Petition. Clerk mailed a 2254 Writ of Habeas Corpus on 7/3/24. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Miletello, A) (Entered: 07/03/2024) |
| 07/03/2024 | 42 (p.192) | SUMMONS ISSUED as to Paul Campbell, Donna Norman. Clerk sent summons, USM 285 forms, docs 1 (p.16) , 10 (p.70) , 16 (p.75) , 17 (p.79) , 18 (p.83) , 31 (p.128) , 33 (p.132) , 36 (p.143) & 39 (p.180) to USM for service. (crt,Miletello, A) (Entered: 07/03/2024) |
| 07/08/2024 | 44 (p.196) | NOTICE of Change of Address by Walter Allen DuBose. Clerk updated plaintiff's information to: Prisoner ID#116005, Raymond Laborde Correctional Center, 1630 Prison Rd, Cottonport, LA 71327. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 07/09/2024) |
| 07/09/2024 | 45 (p.198) | MAIL RETURNED as Undeliverable: Mail sent to Walter Allen DuBose, Ouachita Parish Correctional Center, re: 40 (p.188) Order on Motion for Order for Production of Medical Records returned marked: RTS. Action taken: Clerk resent to plaintiff at RLCC. (crt,Haik, K) (Entered: 07/11/2024) |
| 07/15/2024 | 46 (p.203) | JUDGMENT adopting 38 (p.155) Report and Recommendations. Signed by Judge David C Joseph on 7/15/2024. (crt,LaCombe, L) (Entered: 07/15/2024) |
| 07/15/2024 | | (Court only) *** Party: Ouachita Correctional Center (Chief Administrator), Administration Ouachita Correctional Center, Medical Dept of Ouachita Correctional Center, Court of Ouachita Parish, Wells, Chris Jerkins (Captain) and B Scott Leehy (Judge) terminated. See Judgment adopting Report and Recommendation [Doc. 46]. (crt,LaCombe, L) (Entered: 05/08/2025) |
| 07/15/2024 | | (Court only) *** Party Holly Chambers (District Attorney) terminated. See Judgment adopting Report and Recommendation. [Doc. 46]. (crt,LaCombe, L) (Entered: 05/08/2025) |
| 07/17/2024 | 47 (p.205) | ANSWER to 1 (p.16) Complaint, 10 (p.70) MOTION to Amend/Correct, 16 (p.75) AMENDED COMPLAINT, 17 (p.79) Amended Complaint, 18 (p.83) MOTION to Amend/Correct Complaint, 33 (p.132) AMENDED COMPLAINT, 36 (p.143) Amended Complaint by Paul Campbell, Donna Norman.(aty,Wixom, Jason) Modified to add docket entry relationship on 7/17/2024 (Devillier, W). (Entered: 07/17/2024), (QC'ed on 07/17/2024, by Devillier , W) |
| 07/18/2024 | 48 (p.214) | SUMMONS Returned Executed via USM 285 form. Paul Campbell served on 7/11/2024, answer due 8/1/2024; Donna Norman served on 7/11/2024, answer due 8/1/2024. (Attachments: # 1 (p.16) Service return as to Nurse Donna Norman)(crt,Haik, K) (Entered: 07/22/2024) |
| 07/23/2024 | 49 (p.216) | SCHEDULING ORDER: Joinder of Parties and Amendment of Pleadings due by 8/26/2024. Discovery deadline and filing of any motion to compel discovery due by 11/19/2024. Dispositive Motions due by 12/24/2024. See pdf for details. Signed by Magistrate Judge Kayla D McClusky on 7/22/2024. (crt,Leday, A) (Entered: 07/23/2024) |
| 07/29/2024 | | |

| | | |
|---|---|---|
| | 50 (p.218) | DUPLICATE SUMMONS Returned Executed via USM 285 form as to Paul Campbell and Donna Norman. (crt,Devillier, W) (Entered: 08/05/2024) |
| 08/01/2024 | | MAIL RETURNED as Undeliverable: Mail sent to Walter Allen DuBose, 4801 Hwy 165 By-pass Monroe, LA 71210, re: 43 (p.194) Copy Work or Form Request returned marked: Return to sender; Refused; Unable to forward. (crt,Williams, G) (Entered: 08/01/2024) |
| 08/01/2024 | 51 (p.220) | RESPONSE in Opposition by Walter Allen DuBose re 47 (p.205) Answer to Amended Complaint, Answer to Complaint. (Attachments: # 1 (p.16) Exhibits, # 2 (p.30) Envelope)(crt,Haik, K) (Entered: 08/13/2024) |
| 10/28/2024 | 52 (p.228) | LETTER from Plaintiff to Court dated 10/23/2024. (Attachments: # 1 (p.16) Envelope) (crt,Haik, K) (Entered: 10/31/2024) |
| 11/20/2024 | 53 (p.231) | MOTION for Extension of Dispositive Motion Deadline with consent sought but not yet obtained by Paul Campbell, Donna Norman. Motions referred to Kayla D McClusky. Motion Ripe Deadline set for 11/20/2024. (Attachments: # 1 (p.16) Proposed order)(aty,Wixom, Jason) (Entered: 11/20/2024), (QC'ed on 11/20/2024, by Devillier , W) |
| 11/21/2024 | 54 (p.235) | ORDER granting 53 (p.231) Motion for Extension of Dispositive Motion Deadline. Dispositive Motions due by 4/23/2025. Signed by Magistrate Judge Kayla D McClusky on 11/21/2024. (crt,Miletello, A) (Entered: 11/21/2024) |
| 01/22/2025 | 55 (p.236) | REQUEST from Walter DuBose for status of a new Habeas Corpus Petition mailed to us in December, 2024. Clerk mailed a copy of docket sheet & letter on 1/22/25. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope, # 2 (p.30) Letter to Plaintiff) (crt,Miletello, A) (Entered: 01/22/2025) |
| 02/25/2025 | 56 (p.239) | LETTER from Plaintiff to Court dated 2/19/25 re pending cases and claims. (Attachments: # 1 (p.16) Envelope) (crt,Haik, K) (Entered: 03/03/2025) |
| 03/04/2025 | 57 (p.241) | REQUEST from Walter DuBose for copy of complaint. Clerk mailed docket sheet on 03/05/25. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Copy work letter, # 2 (p.30) Envelope) (crt,Hunter, M) Modified to edit date filed on 3/5/2025 (Devillier, W). (Entered: 03/05/2025) |
| 04/01/2025 | 58 (p.244) | LETTER from Plaintiff to Court (Attachments: # 1 (p.16) Envelope) (crt,Haik, K) (Entered: 04/03/2025) |
| 04/10/2025 | 59 (p.246) | MOTION for Stay and Abeyance, MOTION for Extension of Dispositive Motions Deadline (Motion Ripe Deadline set for 4/10/2025.), MOTION for Joinder of Parties, MOTION to Amend/Correct (Motion Ripe Deadline set for 4/10/2025.)by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Letter, # 2 (p.30) Envelope)(crt,Devillier, W) (Entered: 04/14/2025), (QC'ed on 04/14/2025, by Devillier , W) |
| 04/14/2025 | | Motions Transferred regarding 59 (p.246) MOTION to Stay and Abeyance, MOTION for Extension of Dispositive Motions Deadline, MOTION for Joinder of Parties, MOTION to Amend/Correct. Motions referred to Magistrate Judge Kayla D McClusky. (crt,Devillier, W) (Entered: 04/14/2025) |
| 04/15/2025 | 60 (p.255) | RESPONSE to Motion re 59 (p.246) MOTION to Stay and Abeyance MOTION for Extension of Dispositive Motions Deadline MOTION for Joinder of Parties MOTION to Amend/Correct filed by Paul Campbell, Donna Norman. (aty,Wixom, |

| | | |
|---|---|---|
| | | Jason) (Entered: 04/15/2025), (QC'ed on 04/16/2025, by Devillier , W) |
| 04/24/2025 | 61 (p.259) | MOTION to Appoint Counsel or, Alternatively, MOTION for Hearing (Motion Ripe Deadline set for 4/24/2025.) by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 04/28/2025), (QC'ed on 04/28/2025, by Haik , K) |
| 04/30/2025 | 62 (p.267) | MEMORANDUM ORDER denying in part and granting in part 59 (p.246) Motion to Stay ; 59 (p.246) Motion for Extension; 59 (p.246) Motion for Joinder; 59 (p.246) Motion to Amend/Correct; denying 61 (p.259) Motion to Appoint Counsel ; denying 61 (p.259) Motion for Hearing ( Dispositive Motions due by 6/30/2025.) Signed by Magistrate Judge Kayla D McClusky on 4/30/2025. (crt,Leday, A) (Entered: 04/30/2025) |
| 05/01/2025 | 63 (p.273) | MOTION for Extension of Time by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 5/1/2025. (crt,Taylor, L) (Additional attachment(s) added on 5/2/2025: # 1 (p.16) Envelope) (Taylor, L). (Entered: 05/02/2025), (QC'ed on 05/02/2025, by Taylor , L) |
| 05/05/2025 | 64 (p.278) | ORDER denying 63 (p.273) Motion for Extension of Time. Signed by Magistrate Judge Kayla D McClusky on 5/5/2025. (crt,Leday, A) (Entered: 05/05/2025) |
| 05/09/2025 | 65 (p.279) | REPLY to Response to Motion re 59 (p.246) MOTION for Stay and Abeyance, MOTION for Extension of Dispositive Motions Deadline, MOTION for Joinder of Parties, MOTION to Amend/Correct filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Exhibit, # 2 (p.30) Cover letter, # 3 (p.36) Envelope)(crt,Haik, K) (Entered: 05/12/2025) |
| 05/15/2025 | 66 (p.292) | APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re 64 (p.278) Order on Motion for Extension, Alternatively, MOTION for Evidentiary Hearing by Walter Allen DuBose. (Motion Ripe Deadline set for 5/15/2025.). Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Exhibits, # 2 (p.30) Cover Letter, # 3 (p.36) Envelope)(crt,Devillier, W) (Entered: 05/16/2025), (QC'ed on 05/16/2025, by Devillier , W) |
| 05/15/2025 | | Motions Transferred regarding 66 (p.292) APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re 64 (p.278) Order on Motion for Extension, Alternatively, MOTION for Evidentiary Hearing. Motions referred to Judge David C Joseph. (crt,Devillier, W) (Entered: 05/16/2025) |
| 05/16/2025 | 67 | ELECTRONIC ORDER: After a de novo review of the record in this matter, the 64 (p.278) Order of the Magistrate Judge is AFFIRMED and Plaintiff's Appeal of the Magistrate Judge Decision [Doc. 66] is DENIED. Signed by Judge David C Joseph on 5/16/2025. (crt,LaCombe, L) (Entered: 05/16/2025) |
| 06/27/2025 | 68 (p.312) | MOTION for Summary Judgment by Paul Campbell, Donna Norman. Motions referred to Kayla D McClusky. (Attachments: # 1 (p.16) Memorandum / Brief, # 2 (p.30) Statement of material facts, # 3 (p.36) Portions of Plaintiff's deposition transcript, # 4 (p.38) Declaration of Donna Norman and medical records, # 5 (p.40) Declaration of Paul Campbell and ARP Policy, # 6 (p.41) Declaration of Jason Wixom)(aty,Wixom, Jason) Modified to edit text on 6/30/2025 (Devillier, W). Modified on 8/18/2025. Please see doc. 84 (p.453) for corrected Exhibit B pages 1-3 (Haik, K). (Entered: 06/27/2025), (QC'ed on 06/25/2025, by Devillier , W) |
| 06/30/2025 | 69 (p.372) | NOTICE of Motion Setting regarding: 68 (p.312) MOTION for Summary Judgment. Motions referred to Magistrate Judge Kayla D McClusky. Responses due by |

| | | |
|---|---|---|
| | | 7/21/2025 (crt,Devillier, W) (Entered: 06/30/2025) |
| 07/11/2025 | 70 (p.374) | LETTER from Plaintiff to Court dated 7/7/2025. (Attachments: # 1 (p.16) Envelope) (crt,Haik, K) (Entered: 07/15/2025) |
| 07/16/2025 | 71 (p.377) | RESPONSE *to Plaintiff's July 7, 2025 Letter* by Paul Campbell, Donna Norman re 70 (p.374) Letter . (Attachments: # 1 (p.16) Affidavit Declaration of Breanna Bordelon, # 2 (p.30) Exhibit Exhibits A-1 and A-2, records from Laborde Correctional, # 3 (p.36) Affidavit Exhibit B-Declaration of Jason Wixom)(aty,Wixom, Jason) (Entered: 07/16/2025), (QC'ed on 07/17/2025, by Haik , K) |
| 07/21/2025 | 72 (p.385) | MOTION Pursuant to F.R.C.P. 56(d) by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 7/21/2025. (Attachments: # 1 (p.16) Exhibit, # 2 (p.30) Cover letter, # 3 (p.36) Envelope)(crt,Haik, K) (Entered: 07/22/2025), (QC'ed on 07/22/2025, by Haik , K) |
| 07/22/2025 | 73 (p.396) | MEMORANDUM in Opposition re 68 (p.312) MOTION for Summary Judgment filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Exhibits, # 2 (p.30) Envelope)(crt,Haik, K) (Entered: 07/23/2025) |
| 07/23/2025 | 74 (p.414) | MOTION for Extension of Time to File Response/Reply as to 68 (p.312) MOTION for Summary Judgment by Paul Campbell, Donna Norman. Motions referred to Kayla D McClusky. Motion Ripe Deadline set for 7/23/2025. (Attachments: # 1 (p.16) Proposed order)(aty,Wixom, Jason) Modified to edit text on 7/24/2025 (Devillier, W). (Entered: 07/23/2025), (QC'ed on 07/24/2025, by Devillier , W) |
| 07/25/2025 | 75 (p.418) | SUPPLEMENTAL MEMORANDUM in Opposition re 68 (p.312) MOTION for Summary Judgment filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 07/28/2025) |
| 07/28/2025 | 76 (p.421) | LETTER/REQUEST for Copy of Statement of Uncontested Material Facts by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 7/28/2025. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 07/29/2025), (QC'ed on 07/29/2025, by Haik , K) |
| 07/30/2025 | 77 | ELECTRONIC ORDER denying 76 (p.421) Motion for Copies. It's the Court's understanding that a copy of the Statement of Uncontested Material Facts has now been provided to Defendant again, and, therefore, no additional copy is needed. Signed by Magistrate Judge Kayla D McClusky on 7/30/2025. (jud,McClusky, Kayla) (Entered: 07/30/2025), (QC'ed on 08/01/2025, by Leday , A) |
| 07/30/2025 | 78 (p.423) | ORDER granting 74 (p.414) Motion for Extension of Time to File Response/Reply re 68 (p.312) MOTION for Summary Judgment. Responses due by 8/13/2025. Signed by Magistrate Judge Kayla D McClusky on 7/30/2025. (crt,Leday, A) (Entered: 07/30/2025) |
| 08/01/2025 | 79 (p.424) | MOTION to Supplement Opposition to Defendant's Motion for Summary Judgment re 68 (p.312) MOTION for Summary Judgment by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 8/1/2025. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 08/04/2025), (QC'ed on 08/04/2025, by Haik , K) |
| 08/06/2025 | 80 (p.430) | MEMORANDUM ORDER granting in part and denying in part 72 (p.385) Motion Pursuant to F.R.C.P. 56(d); granting in part and denying in part 79 (p.424) Motion to Supplement Opposition to Defendant's Motion for Summary Judgment as set forth in the Memorandum Order. Signed by Magistrate Judge Kayla D McClusky on |

| | | |
|---|---|---|
| | | 8/6/2025. (crt,Leday, A) (Additional attachment(s) added on 8/20/2025: # 1 (p.16) Statement of material facts) (Leday, A). (Entered: 08/06/2025) |
| 08/11/2025 | 81 (p.441) | MOTION Substitute Document re 68 (p.312) MOTION for Summary Judgment by Paul Campbell, Donna Norman. Motions referred to Kayla D McClusky. Motion Ripe Deadline set for 8/11/2025. (Attachments: # 1 (p.16) Proposed order, # 2 (p.30) Proposed exhibit Exhibit B: Declaration of Donna Norman)(aty,Wixom, Jason) (Entered: 08/11/2025), (QC'ed on 08/12/2025, by Devillier , W) |
| 08/11/2025 | 82 (p.447) | REPLY to Response to Motion re 68 (p.312) MOTION for Summary Judgment filed by Paul Campbell, Donna Norman. (aty,Wixom, Jason) (Entered: 08/11/2025), (QC'ed on 08/12/2025, by Devillier , W) |
| 08/13/2025 | 83 (p.452) | ORDER granting 81 (p.441) Motion to Substitute Document. Signed by Magistrate Judge Kayla D McClusky on 8/13/2025. (crt,Haik, K) (Entered: 08/18/2025) |
| 08/13/2025 | 84 (p.453) | CORRECTED EXHIBIT B Declaration of Donna Norman (Pages 1-3) re 68 (p.312) MOTION for Summary Judgment by Paul Campbell, Donna Norman. (crt,Haik, K) (Entered: 08/18/2025) |
| 08/18/2025 | 85 (p.456) | APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re 80 (p.430) Order on Motion Pursuant to F.R.C.P. 56(d); Order on Motion to Supplement Opposition to Defendant's Motion for Summary Judgment by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 08/19/2025), (QC'ed on 08/19/2025, by Haik , K) |
| 08/18/2025 | | Set/Reset Deadlines as to 85 (p.456) APPEAL OF MAGISTRATE JUDGE DECISION to District Judge re 80 (p.430) Order. Motion Ripe Deadline set for 8/18/2025. (crt,Haik, K) (Entered: 08/19/2025) |
| 08/19/2025 | 86 (p.463) | ORDER: Upon consideration of 85 (p.456) Appeal of Magistrate Judge Decision filed by Walter Allen DuBose, the Court DENIES the Appeal and recommits this matter to the Magistrate Judge for any further action necessary. Signed by Judge David C Joseph on 8/19/2025. (crt,LaCombe, L) (Entered: 08/19/2025) |
| 08/20/2025 | | (Court only) ***Staff notes (non-public entry - for Court Staff only): An oversight in 80 (p.430) Memorandum Order was noticed today and a copy of the [68-2] Statement of Material Facts was added to the record as an attachment to 80 (p.430) Order and a copy of both the notice of Renef and attachment was mailed to plaintiff, this date. (crt,Leday, A) (Entered: 08/20/2025) |
| 08/25/2025 | 87 (p.464) | REQUEST from Walter DuBose for copy of civil docket pleading sheet. Clerk mailed docket sheet on 08/25/25. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Hunter, M) (Entered: 08/25/2025) |
| 08/26/2025 | 88 (p.466) | REQUEST from Walter DuBose for copy of Doc-81. Clerk mailed Doc. 81 on 08/26/25. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Hunter, M) (Entered: 08/26/2025) |
| 09/02/2025 | 89 (p.468) | MOTION for Leave to Supplement and File Documents in Reference to Plaintiffs Opposition to 68 (p.312) Motion for Summary Judgment by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 9/2/2025. (Attachments: # 1 (p.16) Proposed Statement of Contested Material Facts, # 2 (p.30) Proposed Exhibit/Declaration, # 3 (p.36) Proposed Attachment to Exhibit/Declaration, # 4 (p.38) Envelope)(crt,Devillier, W) (Entered: 09/03/2025), (QC'ed on 09/03/2025, by Devillier , W) |

| | | |
|---|---|---|
| 09/02/2025 | 90 (p.486) | MOTION for Subpoena Duces Tecum by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 9/2/2025. (Attachments: # 1 (p.16) Envelope)(crt,Devillier, W) (Entered: 09/03/2025), (QC'ed on 09/03/2025, by Devillier , W) |
| 09/08/2025 | 91 (p.490) | SUPPLEMENTAL MEMORANDUM in Opposition re 68 (p.312) MOTION for Summary Judgment filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 09/09/2025) |
| 09/10/2025 | 92 (p.495) | RESPONSE in Opposition to 91 (p.490) SUPPLEMENTAL MEMORANDUM in Opposition re 68 (p.312) MOTION for Summary Judgment by Paul Campbell, Donna Norman . (aty,Wixom, Jason) Modified to add docket entry relationship on 9/11/2025 (Haik, K). (Entered: 09/10/2025), (QC'ed on 09/11/2025, by Haik , K) |
| 09/11/2025 | 93 | ELECTRONIC ORDER granting 89 (p.468) Motion for Leave to File. Signed by Magistrate Judge Kayla D McClusky on 9/11/2025. (jud,McClusky, Kayla) (Entered: 09/11/2025), (QC'ed on 09/12/2025, by Leday , A) |
| 09/12/2025 | 94 (p.498) | Plaintiff's STATEMENT of material facts related to 73 (p.396) Opposition re 68 (p.312) MOTION for Summary Judgment filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Exhibit, # 2 (p.30) Attachment to Exhibit)(crt,Leday, A) (Entered: 09/12/2025) |
| 09/19/2025 | 95 (p.509) | SUPPLEMENTAL MEMORANDUM in Opposition re 68 (p.312) MOTION for Summary Judgment filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 09/22/2025) |
| 09/25/2025 | 96 (p.513) | REPLY to RESPONSE in Opposition to 91 (p.490) SUPPLEMENTAL MEMORANDUM in Opposition re 68 (p.312) MOTION for Summary Judgment filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 09/29/2025) |
| 10/01/2025 | 97 (p.515) | MEMORANDUM ORDER denying 90 (p.486) Motion for Subpoena Duces Tecum. Signed by Magistrate Judge Kayla D McClusky on 10/1/2025. (crt,Leday, A) (Entered: 10/01/2025) |
| 10/15/2025 | 98 (p.517) | MOTION for Reconsideration re 97 (p.515) Memorandum Order denying 90 (p.486) Motion for Subpoena Duces Tecum by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. (Attachments: # 1 (p.16) Envelope)(crt,Devillier, W) Modified docket text on 10/21/2025 (Devillier, W). (Entered: 10/21/2025), (QC'ed on 10/21/2025, by Devillier , W) |
| 10/21/2025 | 99 (p.520) | NOTICE of Motion Setting regarding: 98 (p.517) MOTION for Reconsideration re 97 (p.515) Memorandum Order denying 90 (p.486) Motion for Subpoena Duces Tecum. Motions referred to Magistrate Judge Kayla D McClusky. Responses due by 11/12/2025 (crt,Devillier, W) (Entered: 10/21/2025) |
| 12/09/2025 | 100 (p.521) | REQUEST from Walter DuBose for civil docket pleading sheet. Clerk mailed docket sheet on 12/10/25. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Hunter, M) (Entered: 12/10/2025) |
| 02/03/2026 | 101 (p.523) | REQUEST from Walter DuBose for Civil Docket Peading Sheet. Clerk mailed docket sheet on 02/03/2026. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Breite, S) (Entered: 02/03/2026) |
| 02/24/2026 | 103 | MOTION for Status Check re 98 (p.517) Motion for Reconsideration by Walter Allen |

| | | |
|---|---|---|
| | (p.554) | DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 2/24/2026. (Attachments: # 1 (p.16) Envelope)(crt,Kiper, C) (Entered: 02/26/2026), (QC'ed on 02/26/2026, by Kiper , C) |
| 02/25/2026 | 102 (p.526) | REPORT AND RECOMMENDATIONS: IT IS RECOMMENDED that the 68 (p.312) MOTION for Summary Judgment be GRANTED IN PART and DENIED IN PART and that Plaintiff's claim for a delayed arm/elbow surgery in 2024 against Defendant, Nurse Donna Norman, be DISMISSED with prejudice. IT IS FURTHER RECOMMENDED that the motion otherwise be DENIED. Objections to R&R due by 3/11/2026. Signed by Magistrate Judge Kayla D McClusky on 2/25/2026. (crt,Leday, A) (Entered: 02/25/2026) |
| 03/05/2026 | 104 (p.561) | OBJECTION to 102 (p.526) Report and Recommendations by Paul Campbell, Donna Norman. Response to Objection to R&R due by 3/19/2026 (aty,Wixom, Jason) (Entered: 03/05/2026), (QC'ed on 03/09/2026, by Haik , K) |
| 03/12/2026 | 105 (p.570) | REQUEST from Walter DuBose for civil docket pleading sheet. Clerk mailed docket sheet on 03/12/26. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Hunter, M) (Entered: 03/12/2026) |
| 03/17/2026 | | (Court only) ***Staff notes (non-public entry - for Court Staff only): Walter DuBose contacted chambers to advise that he has not yet received a copy of the 104 (p.561) Objection to the R&R, but that he plans to file notice that he intends to respond to the objection. A copy of objection mailed to plaintiff this date. (crt,Leday, A) Modified on 3/17/2026 to edit text (Leday, A). (Entered: 03/17/2026) |
| 03/19/2026 | 106 (p.572) | JUDGMENT adopting 102 (p.526) Report and Recommendations re 68 (p.312) Motion for Summary Judgment: IT IS HEREBY ORDERED that the MOTION FOR SUMMARY JUDGMENT [Doc. 68] filed by remaining Defendants, Warden Paul Campbell and Nurse Donna Norman, is GRANTED IN PART and that Plaintiff Walter Allen DuBose's claim for a delayed arm/elbow surgery in 2024 against Defendant, Nurse Donna Norman, is hereby DISMISSED WITH PREJUDICE.IT IS FURTHER ORDERED that the MOTION FOR SUMMARY JUDGMENT [Doc. 68] otherwise is DENIED. Signed by Judge David C Joseph on 3/19/2026. (crt,Casebonne, D) (Entered: 03/19/2026) |
| 03/24/2026 | 107 (p.573) | MOTION for Extension of Time to File Response to 104 (p.561) Objections to Report and Recommendations by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 3/24/2026. (Attachments: # 1 (p.16) Envelope)(crt,Haik, K) (Entered: 03/25/2026), (QC'ed on 03/25/2026, by Haik , K) |
| 03/24/2026 | | Motions Transferred regarding 107 (p.573) MOTION for Extension of Time to File Response to Objections. Motions referred to Judge David C Joseph. (crt,Haik, K) (Entered: 03/25/2026) |
| 03/24/2026 | 108 (p.580) | MEMORANDUM in Support re 107 (p.573) MOTION for Extension of Time to File Response to Objections filed by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Kiper, C) (Entered: 03/25/2026) |
| 03/25/2026 | 109 | ELECTRONIC ORDER denying as MOOT 107 (p.573) Motion for Extension to File Response to 104 (p.561) Objections to Report and Recommendations. Signed by Judge David C Joseph on 3/25/2026. (crt,Casebonne, D) (Entered: 03/25/2026) |
| 03/30/2026 | 110 (p.582) | REQUEST from Walter Dubose for docket sheet. Clerk mailed docket sheet on 3/31/2026. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) |

| | | Envelope) (crt,Bowman, A) (Entered: 04/01/2026) |
|---|---|---|
| 04/08/2026 | 111 (p.584) | MEMORANDUM IN SUPPORT re 1 (p.16) Complaint by Walter Allen DuBose. (Attachments: # 1 (p.16) Envelope)(crt,Kiper, C) (Entered: 04/10/2026) |
| 04/09/2026 | 113 (p.589) | MOTION to Appoint Counsel by Walter Allen DuBose. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 4/9/2026. (Attachments: # 1 (p.16) Exhibit A, # 2 (p.30) Envelope)(crt,Kiper, C) (Entered: 04/10/2026), (QC'ed on 04/10/2026, by Kiper , C) |
| 04/10/2026 | 112 (p.587) | NOTICE OF APPEAL as to 106 (p.572) Order on Motion for Summary Judgment, Order on Report and Recommendations, by Paul Campbell, Donna Norman. (Filing fee $605, receipt number ALAWDC-6696371) (aty,Wixom, Jason) (Entered: 04/10/2026), (QC'ed on 04/10/2026, by WalkerSld , B) |
| 04/13/2026 | 114 (p.601) | LETTER from Plaintiff to Court (Attachments: # 1 (p.16) Envelope) (crt,Haik, K) (Entered: 04/14/2026) |
| 04/15/2026 | 115 (p.604) | REQUEST from Walter DuBose for civil docket pleading sheet. Clerk mailed docket sheet on 04/15/26. (Public entry, but no electronic notice.) (Attachments: # 1 (p.16) Envelope) (crt,Hunter, M) (Entered: 04/15/2026) |
| 04/15/2026 | | Set Deadline for Clerk re 112 (p.587) Notice of Appeal: Certify Appeal Record (26-30199) by Clerk to COA 4/30/2026. (crt,WalkerSld, B) (Entered: 04/17/2026) |
| 04/15/2026 | | USCA Case Number 26-30199 for 112 (p.587) Notice of Appeal filed by Paul Campbell, Donna Norman. (crt,WalkerSld, B) (Entered: 04/17/2026) |

DuBose v. Campbell et al (3:24-cv-00120-DCJ-KDM)

**TAB 2**

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| WALTER ALLEN DUBOSE, | ) | CIVIL ACTION NO. 3:24-cv-00120 |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID C. JOSEPH |
| VERSUS | ) | |
| | ) | MAGISTRATE JUDGE MCCLUSKY |
| PAUL CAMPBELL, ET AL., | ) | |
| Defendants | ) | |
| _____ | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Defendants, Warden Paul Campbell and Nurse Donna Norman,

appeal to the United States Fifth Circuit Court of Appeal pursuant to the collateral order doctrine

the following:

1)   Judgment granting in part and denying in part Defendants' Motion
     for Summary Judgment (R. Doc. 106), wherein the defense of
     qualified immunity was advanced, filed and entered on March 19,
     2026.

Respectfully submitted,

RODRIGUE & ARCURI, LLP

s/ *Jason P. Wixom*
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: bja@rodriguearcuri.com
       lcr@rodriguearcuri.com
       jason@rodriguearcuri.com

26-30199.587

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

s/ Jason P. Wixom

JASON P. WIXOM

**TAB 3**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**WALTER ALLEN DUBOSE**                    **CIVIL ACTION NO. 3:24-00120 SEC P.**

**VERSUS**                                  **JUDGE DAVID C. JOSEPH**

**PAUL CAMPBELL, ET AL**                    **MAGISTRATE JUDGE KAYLA D. McCLUSKY**

### JUDGMENT

The Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, finding that the Magistrate Judge's Report and Recommendation [Doc. 102] is correct,

IT IS HEREBY ORDERED that the MOTION FOR SUMMARY JUDGMENT [Doc. 68] filed by remaining Defendants, Warden Paul Campbell and Nurse Donna Norman, is GRANTED IN PART and that Plaintiff Walter Allen DuBose's claim for a delayed arm/elbow surgery in 2024 against Defendant, Nurse Donna Norman, is hereby DISMISSED WITH PREJUDICE.  Fed. R. Civ. P. 56.

Finding genuine disputes of material fact preclude summary judgment as to the remaining claims,

IT IS FURTHER ORDERED that the MOTION FOR SUMMARY JUDGMENT [Doc. 68] otherwise is DENIED.

THUS, DONE AND SIGNED in Chambers on this 19th day of March 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

26-30199.572

**TAB 4**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

WALTER ALLEN DUBOSE                      CIV. ACTION NO. 3:24-00120 SEC P.

VERSUS                                   JUDGE DAVID C. JOSEPH

PAUL CAMPBELL, ET AL.                    MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion for summary judgment [doc. # 68] filed by Defendants, Warden Paul Campbell and Nurse Donna Norman. The motion is opposed. For reasons detailed below, IT IS RECOMMENDED that Defendants' motion for summary judgment be GRANTED IN PART and DENIED IN PART.

## Procedural History

Plaintiff Walter Allen DuBose ("DuBose") is a Louisiana Department of Corrections ("DOC") inmate,[1] who, according to him, was housed at the Ouachita Correctional Center ("OCC") from August 2020 until July 1, 2024. [doc. # 73, pg. 7]. On January 29, 2024, DuBose filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against various OCC entities and officials, including Warden Paul Campbell, Nurse Donna Norman, Captain Chris Jerkins, and the OCC Chief Administrator. (Compl.).[2] Between February and June 2024,

---

[1] DuBose apparently was a pretrial detainee until his sentencing on January 9, 2023. [doc. # 73, pg. 4].

[2] DuBose originally filed suit in the United States District Court for the Eastern District of Louisiana ("EDLA"). *Id.* On January 30, 2024, however, the EDLA transferred the case to this Court. (Order and Reasons [doc. # 3]).

26-30199.526

DuBose amended his Complaint on at least four occasions. *See* doc. #s 16-17, 33, & 36. In his latest amended pleading, DuBose joined or substituted additional Defendants, including the OCC, the OCC Medical Department, the Ouachita Parish Court, Judge Scott Leehy, Assistant District Attorney Holly Chambers, and Sergeant Wells. *See* doc. # 36.

Meanwhile, on April 26, 2024, DuBose filed a motion for a preliminary injunction seeking an order requiring Defendants to send him to Ochsner LSU Health Eye Clinic-Shreveport for treatment of a detached focus lens in his lone remaining eye (on the left side). [doc. # 20]. On May 13, 2024, Defendants, Warden Paul Campbell and Nurse Donna Norman, filed a response in opposition to DuBose's motion and attached an After Visit Summary from DuBose's February 7, 2023 appointment with Chase M. Wilson, M.D. (hereinafter referred to as the "AVS"), at Ochsner LSU Health - Monroe Medical Center. [doc. # 28 and 28-1]. The AVS reflected that DuBose had an open globe repair in the left eye in 2016, but that he was complaining that his vision had been out of focus since 2020. [doc. # 28-1]. Specifically, DuBose told Dr. Wilson that his lens was "dislocated." *Id.* However, the AVS documented no recent changes to DuBose's condition and noted that he was in no pain. *Id.* Dr. Wilson's impression was glaucoma in the left eye. *Id.* However, he issued no orders or medications, and there were no upcoming appointments scheduled. *Id.*

Relying, in no small part, upon the AVS from DuBose's February 7, 2023 ophthalmology appointment, the District Court denied DuBose's motion for preliminary injunction. (May 15, 2024 Mem. Order [doc. # 29]).

On June 25, 2024, the undersigned completed the initial review of DuBose's pleadings and recommended dismissal of all claims and parties, save for three claims against two

26-30199.527

Defendants:

(1)    that Warden Campbell and Nurse Donna Norman are deliberately denying and/or delaying medical treatment for his detached focus lens;

(2)    that Nurse Norman would not allow him to see a visiting doctor following his elbow/arm injury on February 25, 2023; and

(3)    that Nurse Norman denied him surgery following a physician's surgery recommendation on March 21, 2024.

(Report and Recommendation ("R&R") [doc. # 38]).[3]  The Court contemporaneously issued a service order for the two remaining Defendants, Warden Paul Campbell and Nurse Donna Norman.  (Service Order [doc. # 39]).

In the R&R, the undersigned documented the factual basis for DuBose's surviving claims, as follows,

Dubose received a "focus lens" in his only remaining eye in 2017, but it "came undone." [doc. # 20, pg. 1].  On July 27, 2022, Dr. Sharma evaluated him at OCC. [doc. # 1, pg. 5].  On February 7, 2023, Dr. Wilson allegedly examined him, found that his focus lens was detached, told him that he needed treatment at Ochsner LSU, called 'Ochsner' at 'Shreveport eye clinic' and spoke with Dr. Cavanaugh, and advised DuBose that he "would be seen by that Dr. within (2) weeks."  [doc. #s 20, pg. 1; 36, pg. 2].  Dr. Wilson scheduled him for "eye treatment" and surgery at Ochsner LSU in Shreveport.  [doc. # 20, pg. 1].  Dr. Wilson's "finding on the examination was written down on paper in his hand writing[.]"  [doc. # 26, pg. 2].

DuBose claims that for almost two years, he has submitted numerous requests, paper forms, and notes to "medical" and Warden Campbell about his condition and need for his scheduled surgery, but he has yet to have it.  [doc. # 20, pgs. 5-6].  He claims that Warden Campbell and Nurse Donna Norman, the "head" of "OCC Medical," are deliberately denying and/or delaying his treatment and prolonging his suffering.  *Id.*  He alleges that Warden Campbell and Nurse Norman "[u]se a common tactic [of] saying [he] refused treatment."  *Id.*  He also states that although he was sent to a hospital on July 26, 2023, it was only "to make it seem they're giving effort," and "they are inclined to try to cover their tracks."  *Id.* at 7.  DuBose maintains that he is at great risk of losing his sight, that he suffers from daily

---

[3] On July 15, 2024, the District Court adopted the R&R and entered a corresponding judgment. (Judgment [doc. # 46]).

3

26-30199.528

discomfort and increasing pain, and that he struggles to see.  [doc. # 20, pg. 1].

DuBose next states that on February 25, 2023, he injured his elbow in a physical altercation with another inmate.  [doc. # 33, pg. 3].  He "surmised that his arm was fractured at the elbow."  *Id.*  On February 27, 2023, he saw Nurse Greer.  *Id.*  On March 1, 2023, Nurse Greer told him that she scheduled him to see a visiting doctor. *Id.*  DuBose alleges, however, that on two back-to-back occasions he was rescheduled for the visiting doctor.  *Id.*  He then filed a "sick-call request" to no avail.  *Id.*  He claims that on March 9, 2023, Nurse Greer told him that he "had been refused for seeing visiting doctor[.] [sic]."  [doc. # 33, pg. 3].  DuBose maintains that he suffered pain through 2023, and his arm healed improperly; he cannot straighten it, and it "gives out."  [doc. #s 33, pgs. 3; 36, pg. 3].  He faults Nurse Norman, claiming that Norman is "responsible for the rescheduling [him] twice for [him] not seeing a visiting doctor just after injury occurred Feb. 2023."  [doc. # 36, pg. 4].

Next, DuBose states that on February 9, 2024, Sergeant Wells utilized force, taking him to the floor, pulling and bending his hands up to his shoulders, and causing him terrible pain.  [doc. #s 33, pg. 3; 36, pg. 3].  Thereafter, Nurse Wilson examined DuBose's arm, which was starting to swell.  *Id.*  Wilson noted the swelling and scheduled him "to see [a] visiting doctor."  [doc. # 36, pg. 3].  DuBose claims that he submitted a medical request, but even though they could see that his entire arm was swollen, "OCC medical nurses denied" his request because he was not crying or bleeding.  [doc. #s 33, p. 3; 36, p. 4].

On February 15, 2024, a visiting physician, Dr. Sharma, scheduled DuBose "to be seen at Ochsner-LSU-Conway."  [doc. # 33, pg. 3].  On February 23, 2024, DuBose "was seen at Ochsner-LSU-Conway[,]" where he received x-rays and pain medication.  *Id.*  He visited the hospital again on March 21, 2024, and a physician told him that his "arm/elbow" was broken and that he needed surgery to install a plate and re-break the bone where it previously "healed out of place."  [doc. #s 33, pg. 3; 18, pg. 3].  As above, DuBose maintains that the lack of medical care for his injured elbow in February and March 2023, caused the bone to heal improperly. [doc. # 33, pg. 3].  He claims that "the jail's head medical person has had knowledge of [his] need of treatment . . . on this serious medical need too, and declines to send [him]."  [doc. # 36, pg. 4].  He states that his bone could still be broken, he risks greater injury, and his arm "gives out now" at times.  *Id.*

(R&R) (edited for consistency).  DuBose's requested relief includes, *inter alia*, a discharge of his

total debt with the OCC and the DOC, plus a monetary award of $9,999,000.00 for pain and

suffering, mental anguish, and long-term emotional distress.  [doc. # 36].

4

On July 17, 2024, Defendants Warden Paul Campbell and Donna Norman filed their Answer to DuBose's several pleadings. (Answer [doc. # 47]).

On July 23, 2024, the Court issued a scheduling order that included, among other things, a November 19, 2024 deadline for the completion of discovery. (Sched. Order [doc. # 49]).

On April 10, 2025, DuBose filed a motion to stay, for an extension of the dispositive motion deadline, a request for the joinder of parties, and/or for leave to amend/correct. [doc. # 59]. On April 24, 2025, he filed a motion for appointment of counsel. [doc. # 61]. The Court granted DuBose's motion for extension of the dispositive motion deadline and reset it for June 30, 2025. (April 30, 2025 Mem. Order [doc. # 62]). The Court otherwise denied his motions. *Id.*

On June 27, 2025, the two remaining Defendants, Warden Paul Campbell ("Campbell" or "Warden Campbell") and Donna Norman ("Norman" or "Nurse Norman") (collectively, "Defendants") filed the instant motion for summary judgment seeking dismissal of DuBose's claims because he did not have a viable claim for denial of medical care and for failure to exhaust administrative remedies as to his arm/elbow. (MSJ [doc. # 68]).

In response to the motion for summary judgment, DuBose filed a flurry of memoranda [doc. # 73 & 75] and several motions, including a Rule 56(d) motion [doc. # 72], a motion for copies [doc. # 76], a motion for extension of time to file an (additional) memorandum/a [doc. # 74], and a motion to supplement his earlier opposition [doc. # 79].

On August 6, 2025, the Court granted in part and denied in part DuBose's motions and accorded him until September 2, 2025, to file a sur-reply in opposition to the motion for summary judgment, together with any medical records, affidavits, and/or declarations he was

5

26-30199.530

able to gather. (Mem. Order [doc. # 80]. Insofar as DuBose sought to reopen discovery, the Court denied his motion. *Id.*

On August 11, 2025, Defendants filed a reply brief in support of their motion for summary judgment. [doc. # 82].

Over the next month, DuBose filed at least two more supplemental memoranda, plus a statement of material facts. [doc. #s 91, 94, & 95]. Furthermore, on September 2, 2025, he filed a motion for issuance of a subpoena duces tecum to obtain his relevant medical records from Ochsner LSU Health- Monroe Medical Center (hereinafter, "LSU-Monroe"). [doc. # 90]. On October 1, 2025, the Court denied his motion on the basis that the discovery deadline had passed ten months earlier and DuBose had failed to show good cause to reopen discovery for the purpose of obtaining and serving a subpoena. (Mem. Order [doc. # 97]). The Court added that DuBose had failed to explain how these medical records would assist his case and he already had filed numerous briefs in opposition to the pending motion for summary judgment. *Id.*

The matter is ripe.

## Summary Judgment Standard

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

6

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support his claim, summary judgment is appropriate. *Id.* "No genuine [dispute] of material fact exists if the summary-judgment evidence is such that no reasonable juror could find in favor of the nonmovant." *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007) (citation omitted).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in his favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

7

Finally, when a movant bears the burden of proof on an issue, he must establish "beyond peradventure[4] all of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish his right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 14 F.3d 52 (5th Cir. 1993).

## Analysis

In addition to seeking dismissal of DuBose's claims on the merits, Defendants argued in their motion that DuBose failed to exhaust administrative remedies relative to the alleged failure to provide him with medical care for his arm/elbow. However, in response to Defendants' motion, DuBose submitted a copy of an April 8, 2023 request for treatment for his fractured left forearm/elbow, wherein he also complained that his sick call requests were being ignored, and that Nurse Norman had rescheduled him for sick call. (OCC ARP; Pl. Opp. Memo., Exh. D [doc. # 73-1]). However, Captain Jerkins rejected DuBose's grievance apparently because he deemed it a "request." *Id*. DuBose indicated on the bottom of the form that he rejected the decision, but there is no indication of further action by the facility.

In light of this attempted grievance by DuBose, Defendants stated in their reply brief that they were obliged to withdraw their argument that he failed to initiate an initial grievance related to his arm/elbow. (Defs. Reply, pg. 2 [doc. # 82]). Instead, Defendants re-urged their argument regarding DuBose's lack of evidence to support his claims for deliberate indifference against Nurse Norman. *Id*. Under these circumstances, the Court need not address Defendants' withdrawn exhaustion argument. Rather, the Court will focus upon the merits of DuBose's

---

[4] I.e., beyond doubt.

8

claims for delayed medical care under federal law.

## I.    Law

### a)    General Principles

Section 1983 provides that "any person who, under color of state law, deprives another of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (quoting, in part,42 U.S.C. § 1983) (quotation marks omitted).  Section 1983, however, does not create any substantive rights; it simply provides a remedy for the rights designated therein. *Id.*  "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.*  (citation omitted).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### b)    Qualified Immunity

When, at least in part here, a plaintiff seeks money damages from government officials in their individual capacities under § 1983, the affirmative defense of qualified immunity is available to protect defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The qualified immunity doctrine balances two often conflicting interests

26-30199.534

— "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. As such, "[t]he protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id*. (citations omitted). In effect, qualified immunity "gives ample room for mistaken judgments by protecting "all but the plainly incompetent or those who knowingly violate the law." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citing *Malley v. Briggs,* 475 U.S. 335, 343 (1986)) (internal quotation marks omitted).

Qualified immunity is nominally characterized as an affirmative defense. However, once raised by defendants, it devolves upon the plaintiff to negate the defense by showing that the officials' conduct violated clearly established law. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citation omitted). Plaintiff's burden is two-pronged. *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted). First, plaintiff must demonstrate that defendant(s) violated a constitutional right under current law. *Id*. "Second, [plaintiff] must claim that the defendant[s'] actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id*. (quoted source and internal quotation marks omitted). The courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citation omitted).

In the peculiar context of a motion for summary judgment, "once [the court has] determined the relevant set of facts and drawn all inferences in favor of the nonmoving party to

10

the extent supportable by the record, the reasonableness of [an officer's] actions . . . is a pure

question of law." *Scott v. Harris*, 550 U.S. 372, 397, n.8 (2007). Consequently, the Fifth

Circuit has recognized that,

> when facts are undisputed and no rational factfinder could conclude that the
> officer acted unreasonably, we can hold that an officer acted reasonably as a
> matter of law. But when facts are disputed and significant factual gaps remain
> that require the court to draw several plaintiff-favorable inferences, our analysis is
> more tentative. In these cases, we must consider what a factfinder could
> reasonably conclude in filling these gaps and then assume the conclusion most
> favorable to the plaintiff.

*Lytle v. Bexar Cty., Tex.*, 560 F.3d 404, 411–12 (5th Cir. 2009) (internal citation omitted).

In other words, there is no constitutional violation if – even after crediting the version of facts

most favorable to plaintiff – the officer's conduct was objectively reasonable. *Id.*

  c)  <u>Delayed and/or Inadequate Medical Care</u>

  "A prison official violates the Eighth Amendment's prohibition against cruel and unusual

punishment when h[er] conduct demonstrates deliberate indifference to a prisoner's serious

medical needs, constituting an 'unnecessary and wanton infliction of pain.'"[5] *Delaughter v.*

*Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (citations omitted). Thus, to establish liability for

inadequate medical care under the Eighth Amendment, an inmate must adduce facts which

---

[5] As a convicted prisoner for the period at issue, DuBose's rights derive from the Eighth
Amendment. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019) ("The Eighth
Amendment ensures the safety of convicted prisoners while due process under the Fourteenth
Amendment protects pretrial detainees") (citation omitted). However, the Eighth Amendment is
made applicable to the States through the Fourteenth Amendment. *Kennedy v. Louisiana*, 554
U.S. 407, 419, *opinion modified on denial of reh'g,* 554 U.S. 945 (2008). The Fifth Circuit's
Fourteenth Amendment case law concerning pretrial detainees is based on the same Supreme
Court Eighth Amendment precedent pertaining to prisoners. *Garza v. City of Donna*, 922 F.3d
626, 634 (5th Cir. 2019). Ultimately, then, "there is no significant distinction between pretrial
detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v.
Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

11

"clearly evince" a serious medical need and the prison official's deliberate indifference to it. *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5ᵗʰ Cir. 2008) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Furthermore, "[t]o succeed on a deliberate-indifference claim, plaintiffs must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citations and internal quotation marks omitted); *see also Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if [s]he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Delaughter v. Woodall*, 909 F.3d at 136 (applying *Farmer* to a denial of medical care claim). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346. "[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Thus, mere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical

12

treatment, negligence, or medical malpractice." *Delaughter*, 909 F.3d at 136 (citations omitted).

Moreover, "delay in medical care can only constitute an Eighth Amendment violation if there

has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989

F.2d 191, 195 (5th Cir. 1993). Continuous medical care ordinarily precludes a finding of

deliberate indifference on the part of prison officials. *Banuelos v. McFarland*, 41 F.3d 232, 235

(5th Cir. 1995); *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992).

In short, "[d]eliberate indifference is an extremely high standard to meet . . ." *Domino v.

Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see Alton v. Tex. A & M

Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely

inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.").

## II.    Evidence Presented

Defendants submitted their own declarations in support of summary judgment.[6]  Nurse

Norman averred,

1.    My name is Donna Norman, and I am over the age of majority.

2.    I am a registered nurse and the medical director of the Ouachita Correctional Center ("OCC"). I was throughout all of 2023 and 2024.

3.    Walter Dubose ("Plaintiff") was incarcerated as a Louisiana Department of Corrections inmate in OCC during 2023 and until July 1, 2024.

4.    Given Plaintiff's status as a DOC inmate during his incarceration, the Louisiana Department of Public Safety and Corrections ("DOC") had to approve any surgeries to be performed on Plaintiff.

---

[6] Defendants also submitted a declaration from defense counsel stating that he was not responsible for any alleged alteration to DuBose's medical records.  (Decl. of Jason Wixom; MSJ, Exh. D [doc. # 68-6]).  In addition, they submitted limited excerpts from DuBose's deposition, a copy of the AVS, and the OCC ARP Policy.  *See* MSJ, Exhs. A, B-1, and C-1 [doc. # 68-3,4, & 5].

13

5. In order for the DOC to approve a surgery for a DOC inmate-such as Plaintiff-they must be provided with medical records issued by a medical professional stating that a surgery is necessary.

6. On February 7, 2023, Plaintiff was sent to and seen by Ophthalmologist Dr. Chase Wilson of the Ochsner Health System. At the conclusion of his visit, the documents attached hereto as Exhibit B-1 were provided to OCC staff. These are the only medical records which were provided to OCC staff relative to his visit of February 7, 2023.

7. Those documents clearly state that Plaintiff: (1) did not have any future appointments scheduled; (2) was not experiencing any pain; (3) had no orders placed; (4) was not prescribed any medication; and (4) received no visit diagnoses.

8. I read the medical records attached as Exhibit B-1 after Plaintiff returned from his visit with Dr. Wilson. I believed that the contents of the medical records attached as Exhibit B-l were correct and true when I reviewed them.

9. I was never contacted by any physician's office or medical office indicating Plaintiff was to be seen by Dr. Cavanaugh at any time.

10. Procedurally speaking, and assuming Plaintiff's allegations that he had been scheduled for an eye surgery were true, because Plaintiff's medical records of February 7, 2023 did not reflect that Plaintiff had been scheduled for eye surgery or that eye surgery was necessary, I would have been unable to obtain approval for any eye surgery from the DOC.

11. I did not deliberately delay or deny Plaintiff medical treatment of any sort at any time including, but not limited to, any surgery.

12. I did not instruct any person to alter Plaintiff's medical records, nor am I aware of Plaintiff's medical records having been altered.

13. Dr. Chase Wilson is not employed as a doctor for OCC. I have never spoken to Dr. Chase Wilson.

14. I was not informed by any medical professional that, after his doctor's visit of February 7, 2023, Plaintiff was scheduled to receive eye surgery from Dr. Cavanaugh or any other medical professional.

15. I did not reschedule any of Plaintiff's appointments relative to his alleged elbow or arm pain in February of 2023, or at any other time.

14

26-30199.539

16. It was not my responsibility to reschedule any of Plaintiff's appointments relative to his alleged elbow or arm pain in February of 2023, or at any other time. I did not assume that duty.

17. The rescheduling of an inmate's medical appointments is the duty of other nurses who work within OCC and not the duty of the medical director of OCC, which I am.

18. I did not prevent Plaintiff from seeing a visiting doctor or any other doctor relative to his alleged elbow pain in February of 2024 or any other time.

19. I was never told or notified by any medical professional that Plaintiff required elbow surgery in 2024 prior to his departure from OCC.

20. The medical records attached as Exhibit B-1 are true and correct copies of documents kept in the ordinary course and scope of business of the Ouachita Correctional Center and the Ouachita Parish Sheriff's Office.

(Corrected Decl. of Donna Norman; Defs. MSJ, Exh. B [doc. # 84]).

Warden Campbell stated, in pertinent part,

1. My name is Paul Campbell, and I am over the age of majority.

2. I am Warden of the Ouachita Correctional Center ("OCC") and was throughout all of 2023 and 2024.

3. I do not provide medical care to inmates, nor am I qualified to do so.

4. Walter Dubose was incarcerated in OCC during 2023 and part of 2024.

\* \* \*

11. At no time have I seen documentation generated from the Ochsner Health System, or any other medical provider, stating Plaintiff was scheduled for eye surgery or was to be scheduled for eye surgery after his doctor's visit of February 7, 2023.

12. At no time have I seen documentation generated from the Ochsner Health System, or any other medical provider, stating Plaintiff was scheduled for elbow surgery or arm surgery.

13. I was never contacted by any physician's office or medical office indicating Plaintiff was to be seen by Dr. Cavanaugh at any time.

15

26-30199.540

14. I did not deliberately delay or deny Plaintiff medical treatment of any sort at any time including, but not limited to, any surgery.

15. I did not instruct any person to alter Plaintiff's medical records, nor am I aware of Plaintiff's medical records having been altered.

16. Dr. Chase Wilson is not employed as a doctor for OCC. I have never spoken to Dr. Chase Wilson.

(Decl. of Paul Campbell; Defs. MSJ, Exh. C [doc. # 68-5]).

In response to Defendants' motion, DuBose submitted a declaration of his own, which

the Court reproduces, in pertinent part, here:

1. I am the Plaintiff in this case and I make this declaration in opposition to the Defendants' "Motion for Summary Judgement" [sic] that was filed on or about June 26, 2025.

2. On February 7, 2023, I was incarcerated at the "Ouachita Correctional Center" (OCC) in "Ouachita Parish," when I was escorted/transported to a medical appointment to see Opthalmologist [sic], Dr. Chase Wilson.

3. At the conclusion of my visit with "Dr. Chase Wilson" on Feb. 7, 2023, as an incarcerated inmate, I was not allowed to see or handle any of the after visit documents that were provided to OCC Staff, therefore I do not know exactly, what documents were or were not given to OCC Staff.

4. The documents attached as the Defendants' "Exhibit B-1" are not handwritten physician's notes, and they do not bear any signature of "Dr. Chase Wilson," or any other medical professional for authentication purposes.

5. After having been examined by Dr. Chase Wilson, at his find [sic] of my focus lens being detached, he informed me that a surgical procedure was needed on my left eye.

6. While still in the examination room with me Dr. Chase Wilson proceeded to place a call on his cellphone to a Dr. Cavanaugh where they discussed Dr. Chase Wilson's finding from his examination of my eye, and plan of further treatment.

7. At the conclusion of "Dr. Chase Wilson's" phone call with "Dr. Cavanaugh," Dr. Chase Wilson informed me that I would be seen by Dr. Cavanaugh in approximately two weeks.

8. I asked when exactly was I going to be scheduled to see Dr. Cavanaugh, and Dr.

16

26-30199.541

Chase Wilson advised me, that due to my incarceration status, he could not tell me the exact date of the appointment.

9. At the conclusion of Dr. Wilson's examination of my left eye, I personally observed him writing some notes on his finds [sic] from my examination.

10. Dr. Chase Wilson informed me that it appeared as though my focus lens had become detached.

11. Between the approximate dates of March 1, 2023, and March 9, 2023, I was rescheduled back to back on (2) separate occasions, for seeing a visiting doctor about my arm injury.

12. "Donna Norma" is the OCC Medical Director and Head Nurse at "OCC." As [sic] the OCC, as the Medical Director and Head Nurse, it is well within her authority, discretion, and ability to schedule, reschedule, or delegate another nurse to do the same.

13. On March 21, 2024, I learned that my left arm/elbow had been broken after speaking to the orthopedic doctor at Ochsner-LSU-Monroe Medical Center.

14. On or about June 14, 2024, I was brought to Ochsner-LSU-Monroe Medical Center again to have [ ]x-rays on my arm/elbow. "Dr. Taylor" asked me as to my wanting the surgery to repair my arm/elbow, I responded "Yes" – I want [ ] the surgery! Dr. Taylor stated – well, I recommend the surgery.

15. Despite "Dr. Taylor's" recommendation for surgery, "Donna Norman" did not follow up and have me sent for surgery.

16. When I saw "Dr. Taylor" on or about June 14, 2024, as an incarcerated inmate, I was not allowed to see or handle any physician's notes, recommendations, etc. . . . . after visit. The documents were handed to "OCC" Staff.

17. On March 31, 2023, and April 18, 2023, I filed grievance complaints in regards to Donna Norman and others denying me medical treatment. See Plaintiff's exhibit D attached to his opposition to defendants' Motion for Summary Judgment.

*          *          *

21. As the Head Warden of "OCC," Paul Campbell has access to any and all documents, including Plaintiff's multiple grievance complaints about him being denied or rescheduled for medical treatment. {See Plaintiff's Opposition and "Exhibit-D" attached thereto.

17

22. As the Head Warden at "OCC," <u>Paul Campbell</u> has access to all information flowing in and out of "OCC," including Plaintiff's medical records and grievance complaints.

(Declaration of Walter DuBose [doc. # 94-1]).

## III. Discussion

As recited previously, DuBose's three remaining claims all pertain to delayed medical treatment, to which Defendants assert the defense of qualified immunity. The Court will address qualified immunity's first prong, i.e., whether Defendants violated a constitutional right under current law. Then, for any claim that satisfies the first prong, the Court will consider whether it meets qualified immunity's second prong.

### a) Deliberate Indifference

#### i) *Delayed Medical Treatment for Detached Focus Lens*

Defendants contend that they were not deliberately indifferent to DuBose's medical needs. Their argument is twofold: 1) there was nothing in DuBose's AVS to indicate that he needed eye surgery; and 2) without medical records indicating that surgery was necessary, the DOC would not have approved surgery anyway. In response, DuBose asserts that the AVS relied upon by Defendants was not authenticated and was altered. DuBose emphasizes that he saw Dr. Wilson write notes during his visit and that the AVS does not include Wilson's signature.

However, in the Court's experience, medical records from LSU-Monroe are now electronic. Therefore, while, as DuBose claims, Dr. Wilson may have made handwritten notes during the clinic visit, he likely did so simply on a temporary basis to recall the details of the encounter before dictating or entering the information into the electronic record. Furthermore,

18

DuBose admitted that he was not permitted to see the AVS when he left the appointment. Accordingly, he has no legitimate basis to controvert its contents. Therefore, for the purpose of this motion, the Court will credit the AVS, as produced by Defendants.

As Defendants emphasize, the AVS contained no diagnosis, no treatment, no surgery recommendation, and no follow-up. Defendants conclude that the foregoing should end the matter. However, even crediting the accuracy of the presently uncontroverted AVS, the Court is not persuaded that Defendants may continue to rely on the document for over one year in the face of DuBose's repeated representations that his eye was bothering him and that he required eye surgery.

For example, on May 31, 2023, DuBose submitted a grievance stating that he needed to be transferred to a DOC facility because he had been scheduled to see Ochsner LSU Health-Shreveport ("LSU-Shreveport"). (March 31, 2023 ARP [doc. # 73-1]. He explained that he had sent multiple notes to the warden asking to be sent to Hunt Correctional, so he could petition the wardens there to be sent to be examined for his medical situation. *Id*. However, Nurse Norman was "backlogging it." *Id*. Captain Jerkins rejected the ARP on the basis that it was a "request." *Id*.

On August 12, 2023, DuBose submitted a Health Care Request form stating that he needed surgery for his left eye for focus lens attachment because it still was floating unattached. (Aug. 12, 2023 Health Care Request Form [doc. # 51-1]). He added that he was experiencing some eye pain and associated discomfort. *Id*. He requested to be "sent on for surgery . . ." *Id*. As of August 25, 2023, however, no one had responded to his request. *Id*.

On November 5, 2023, DuBose again submitted a Health Care Request form stating that

19

26-30199.544

he was having some pain and discomfort with his focus lens inside his eyeball because it had become dislodged/unattached. (Nov. 5, 2023 Health Care Request Form [doc. # 51-1]). He stated that he still needed to be seen for surgery and had been scheduled for treatment at LSU-Shreveport. *Id.*

That same day, DuBose submitted an ARP regarding the same eye focus lens issue. (Nov. 5, 2023 ARP [doc. # 36-1]). He explained that ever since he saw the eye specialist at LSU-Monroe, he had been asking to be sent to LSU-Shreveport for treatment. *Id.* He stated that the lens in his left eye had been detached for three years now. *Id.* He asked for someone to explain to him why he had not been sent to the hospital for treatment. *Id.* He concluded with, "[y]ou are contributing to [the] loss of my only eye, Warden Campbell." *Id.*

This time, Captain Jerkins permitted the ARP to proceed, and Nurse Wilson responded on November 13, 2023 with, "you were seen @ Ochsner on 2.7.23 with no follow up appointments until 2024. If you're having any other medical complaints, please fill out a sick call to be seen & treated." *Id.*

There is no evidence that DuBose ever was taken to another follow-up appointment with an ophthalmologist during the remainder of his stay at the OCC, i.e., through June 30, 2024. However, on August 14, 2024, only one and one-half months after his transfer to a different facility, DuBose was taken to LSU-Shreveport where a physician explained to him that his focus lens had been placed on the eye inside of a capsule and that the arms of the device were causing the pain and discomfort that he had been experiencing for the past seven years. *See* Compl. [doc. # 1] in *DuBose v. Myers*, 25-0267 (W.D. La.).[7] The unattached lens would move and resettle in

_____

[7] "Judicial notice may be taken of matters of public record." *Walker v. Beaumont Indep. Sch.*

20

proper position on its own. *Id*. Thereafter, DuBose finally underwent eye surgery on September 26, 2024. *Id*.; *see also* DuBose Deposition, pg. 6; MSJ, Exh. A [doc. # 68-3].

In other words, DuBose's new facility credited his complaints of eye pain and his professed need for surgery and transported him to an ophthalmology appointment where it was confirmed that he needed surgery. While perhaps the timing could be explained away by the fact that DuBose was due for another eye checkup, it is equally likely that the new prison facility actually credited his complaints. Of course, in the context of a summary judgment motion, the court must draw all justifiable inferences in favor of the non-movant. *Anderson*, 477 U.S. at 255.

The Court further observes that DuBose adduced a copy of his DOC Transfer Information Sheet indicating that one week after his February 7, 2023 appointment with Dr. Wilson, he was transferred to Madison Parish Correctional Center ("MPCC"). (DuBose Transfer Information; Pl. Opp. Brief, Exh. G [doc. # 73-1]). Upon arrival at the MPCC, DuBose informed prison officials that he had been scheduled for eye surgery at LSU-Shreveport, and, therefore, they transferred him back to OCC the very next day. (Pl. Opp. Brief, pg. 2 [doc. # 73] and Pl. Suppl. Opp. [doc. # 95]). According to DuBose, before shipping him back, the MPCC confirmed that he, in fact, had been scheduled for treatment because penitentiaries are not in the practice of taking an inmate's word for anything. [doc. # 95, pg. 2]. The MPCC even thanked him for speaking up and letting them know that he had been scheduled for treatment. *Id*.

To be sure, there may be other credible explanations for DuBose's one-day sojourn to

---

*Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citations omitted). Court pleadings constitute matters of public record. *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 Fed. App'x. 617, 618 n.1 (5th Cir. 2015) (citations omitted). Furthermore, a court may take judicial notice on its own. Fed. R. Evid. 201(c).

Madison Parish. However, DuBose stated that the MPCC transferred him back to OCC *because* he told them that he had been scheduled for treatment at LSU, which they separately confirmed. If true, this begs the question why Defendants were unwilling to do the same and confirm that DuBose had further treatment scheduled? Instead, they turned a deaf ear to his repeated entreaties and simply relied on his AVS. Even after, DuBose continued to complain of difficulties with his one remaining eye, and the inference could be drawn that he faced a substantial risk of serious harm if, as he stated, he had a detached lens. He made his concerns known to Defendants via repeated sick call requests and ARPs, one of which included a direct plea to Warden Campbell. Furthermore, DuBose stated that he sent ARPs to the Warden's office, never to be seen again. (Pl. Opp., pg. 4 [doc. # 73]).

The Court recognizes that DuBose's November 5, 2023 ARP was answered by Corporal/Nurse Wilson, not Nurse Norman. However, DuBose stated that any response to an ARP, even if nominally completed by Nurse Wilson, would have come from the head medical person. (Pl. Opp., pg. 7).[8] He also said that the response was all Nurse Norman. (Pl. Opp. Exh.,

---

[8] Insofar as some of DuBose's statements were neither sworn, nor made under penalty of perjury, post-amendment to Rule 56, the court now has the latitude to credit unsworn statements at the summary judgment stage. *See Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (quotations omitted) ("New Rule 56(c), added in 2010, permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial. Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . ,the material may be presented in a form that would not, in itself, be admissible at trial."); *Lozano v. Davis*, 774 F. App'x 263, 264 (5th Cir. 2019) (reasoning that considering whether a plaintiff's unsworn assertions "could have been presented in an admissible form . . . is particularly relevant where a pro se plaintiff's allegations form his entire response in opposition to summary judgment."); *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), *as revised* (July 5, 2017) ("The district court dismissed Captain Jamison's report solely because it was not sworn without considering Lee's argument that Captain Jamison would testify to those opinions at trial and without determining whether such opinions, as testified to at trial, would be admissible.");

pg. 1 [doc. # 73-1]).  Consistent with his testimony, the OCC's grievance procedure specifies that the step one respondent for medical complaints is the medical director.  *See* Grievance Process; Defs. MSJ, Exh. C-1, pg. "238" [doc. # 68-5].  In other words, there is evidence that Norman knew of DuBose's ongoing eye complaints and their serious implications but did nothing.  As a result of the delayed treatment, DuBose claims severe scarring and glaucoma.  *See, e.g.*, Compl. [doc. # 1, pg. 2] in *DuBose v. Myers*, 25-0267 (W.D. La.).  In addition, DuBose stated that he sent notes to the Warden regarding his eye condition and about having an appointment scheduled for LSU-Shreveport.  (Compl., pg. 6 [doc. # 1]).[9]

In sum, the Court finds that, in response to Defendants' motion for summary judgment, DuBose has adduced evidence sufficient to create a genuine dispute of material fact as to whether Defendants were deliberately indifferent to a substantial risk of serious harm by ignoring and refusing to credit DuBose's continued complaints of pain and discomfort in his lone, remaining eye.

> ii)    *Delayed Treatment for Broken Arm/Elbow in February 2023*

DuBose alleged that, on February 25, 2023, he injured his elbow in a physical altercation

---

*Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record.").

[9] At the outset of their brief, Defendants contend that the Court should not credit DuBose's allegations because when asked whether there was any reason he would not be able to answer questions truthfully, DuBose replied, "[o]nly in certain instant [sic] that I think it's probably not – not – not helpful to – to my case, I mean.  Yes.  But that would be the only reason, now." (DuBose Depo., pg. 6; Defs. MSJ, Exh. A).  However, Defendants do not identify any part of DuBose's deposition that the Court should decline to credit.  Ultimately, the Court will have to weigh DuBose's credibility at trial.

26-30199.548

with another inmate. [doc. # 33, pg. 3]. He "surmised that his arm was fractured at the elbow," and requested a sick call on February 27, 2023. *Id.* On March 1, 2023, he saw Nurse Greer, who told him that she had scheduled him to see a visiting doctor. *Id.* However, his appointments to see the visiting doctor were rescheduled on back-to-back occasions. *Id*.

On March 7, 2023, DuBose submitted a Health Care Request Form seeking to be examined by the visiting doctor for the swelling in his injured elbow/arm. [doc. # 51-1]. He stated that the head nurse had prohibited him from seeing the doctor. *Id*. Furthermore, on March 9, 2023, Nurse Greer told him that he "had been refused for seeing visiting doctor[.] [sic]." [doc. # 33, pg. 3].

On March 20, 2023, DuBose again submitted a Health Request Form to see a visiting doctor for his left arm/elbow fracture because it felt broken following a hard fall. [doc. # 51-1]. However, his request was ignored. *Id*.

On April 18, 2023, DuBose submitted an ARP complaining that he had not been seen by a doctor or sent to the hospital for his arm injury that he suffered on February 25, 2023. (April 18, 2023 ARP; Pl. Opp. Memo., Exh. D [doc. # 73-1]). He stated that he felt like the arm was broken, and that Nurse Norman had rescheduled his sick call appointments on back-to-back occasions. *Id*. Furthermore, his sick call requests were being ignored. *Id*. Captain Jerkins, however, rejected the ARP because it purportedly was a "request." *Id*. Dubose signed and rejected the decision on April 25, 2023. *Id*.

In her declaration, Nurse Norman denied knowledge of any of DuBose's appointments relative to his alleged elbow or arm pain in February 2023 or at any other time. (Norman Declaration). She further stated that it was not her responsibility to reschedule his appointments.

24

*Id.* She also did not prevent DuBose from seeing a visiting doctor or any other doctor relative to his alleged elbow pain. *Id.*

However, DuBose has adduced evidence to the contrary. *See* discussion, *supra.* Indeed, Nurse Greer told him that he had been refused to see the visiting doctor. If Nurse Greer did not prevent access, then the most likely suspect was Nurse Greer's superior, i.e., Nurse Norman, as DuBose contends. Of course, after April 2023, DuBose's requests to see a doctor about his possibly broken/fractured arm tapered off, no doubt because the swelling had subsided as the fracture healed, albeit out of place.

As recited previously, in February 2024, DuBose injured his arm again, but this time he was permitted to see the visiting physician, who scheduled him to receive x-rays at LSU-Monroe. On March 21, 2024, a physician told DuBose that his "arm/elbow" was broken and that he needed surgery to install a plate and to re-break the bone where it previously had "healed out of place." [doc. #s 33, pg. 3; 18, pg. 3]. DuBose claims that he had to have his arm rebroken and now is unable to hold the arm straight out as a result of Nurse Norman's refusal to permit him to see a physician in March 2023 following the original fracture.

Upon consideration, the Court finds that there is a genuine dispute of material fact as to whether Nurse Norman was deliberately indifferent to a substantial risk of serious harm by refusing and ignoring DuBose's repeated requests to see a physician following his February 2023 to his arm/elbow.

iii) *Delay Following March 21, 2024 Surgery Recommendation*

DuBose alleges that on March 21, 2024, and again on June 14, 2024, he received recommendations for surgery on his arm. Thereafter, Nurse Norman did not schedule the

25

surgery. *See* DuBose Decl. However, Norman averred that she was never notified that DuBose required elbow surgery in 2024 prior to his departure from the OCC. (Norman Decl.). Moreover, DuBose admitted that he did not see the medical records that accompanied him back to the OCC from his visits to the hospital, and so he does not know what they contain. DuBose also did not adduce any grievances or medical requests that he submitted between March 21 and June 30, 2024, which might have provided Nurse Norman with notice of his recommended arm/elbow surgery. The most he can say is that it was *doubtful* that she had no knowledge of his need for elbow/arm surgery. *See* doc. # 91, pg. 2.

DuBose's speculation, however, is insufficient to create a genuine dispute as to whether Nurse Norman was aware of his need for elbow/arm surgery before his departure from the OCC. In addition, DuBose did not adduce any evidence to show that a further three-month-plus delay in undergoing corrective surgery (i.e., re-breaking the arm and inserting a plate) resulted in any greater damage to the arm or additional pain than he already had experienced. Accordingly, no reasonable juror could return a verdict in favor of DuBose as to this claim, and it is subject to dismissal as a matter of law.

b) Clearly Established Law

In their motion, Defendants conceded that DuBose had a clearly established right to medical care. (Defs. MSJ, Memo., pg. 12). Furthermore, case law confirms that, by 2023, it was clearly established that a delay in medical care constitutes a violation of a clearly established constitutional right.[10] Accordingly, DuBose has met his burden as to the second prong of the

---

[10] *See, e.g., Fuller v. Harris Cnty.*, 137 F. App'x 677 (5th Cir. 2005) (allegations that county officials delayed a necessary surgical procedure on a prisoner's dislocated knee cap for 19 days, despite a doctor's recommendation that he undergo surgery, that they delayed returning him to

26

qualified immunity defense for his two claims that survived the first prong of the qualified immunity analysis.

### Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 68] filed by remaining Defendants, Warden Paul Campbell and Nurse Donna Norman, be GRANTED IN PART and that Plaintiff Walter Allen's DuBose's claim for a delayed arm/elbow surgery in 2024 against Defendant, Nurse Donna Norman, be DISMISSED with prejudice.  FED. R. CIV. P. 56.

IT IS FURTHER RECOMMENDED that the motion for summary judgment [doc. # 68] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

the hospital for a scheduled examination following his surgery, and that he developed a serious infection in his leg, which resulted in the amputation of his leg above the knee, stated a claim for deliberate indifference); *Delaughter*, 909 F.3d at 135 (finding genuine disputes concerning a plaintiff not receiving physician-recommended surgery for years and the state's alleged refusal to pay for surgery); *Rhett v. Scott*, 145 F.3d 360 (5th Cir. 1998) ("Rhett has arguably raised sufficient facts to state a claim that the 14-month delay in repairing or replacing his knee brace constituted deliberate indifference to his serious medical need and that the delay resulted in substantial further damage to his knee."); *Vineyard v. Univ. Health Sys.*, 814 F. App'x 807, 809 (5th Cir. 2020) ("While a decision to delay may be a medical judgment decision, it may also demonstrate deliberate indifference to serious medical needs."); *Miles v. Rich*, 576 F. App'x 394, 397 (5th Cir. 2014) (finding fact issues concerning missed or delayed medical appointments and the lack of knee surgery); *Eugene v. Deville*, 791 F. App'x 484, 485 (5th Cir. 2020); *Smith v. Linthicum*, 2022 WL 7284285, at *5 (5th Cir. Oct. 12, 2022).

27

26-30199.552

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 25th day of February, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

28

**TAB 5**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| WALTER ALLEN DUBOSE, | ) | CIVIL ACTION NO. 3:24-cv-00120 |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID C. JOSEPH |
| VERSUS | ) | |
| | ) | MAGISTRATE JUDGE MCCLUSKY |
| PAUL CAMPBELL, ET AL., | ) | |
| Defendants | ) | |
| | ) | |

**<u>DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION [R. DOC. 102]</u>**

**MAY IT PLEASE THE COURT:**

Now come Warden Paul Campbell and Nurse Donna Norman ("Defendants") who, through undersigned counsel, timely file this Objection to the Magistrate Judge's Report and Recommendation of February 25, 2026 and ask that this Court grant Defendants' Motion for Summary Judgment in full, finding that Defendants are entitled to qualified immunity on all claims.

**I. FACTS**

On June 27, 2025, Defendants filed their Motion for Summary Judgment into the record of this matter seeking dismissal of Walter Dubose's ("Plaintiff") claims for an alleged denial of medical care.[1] On February 25, 2026, the Magistrate Judge issued a Report and Recommendation, in which Defendants' Motion for Summary Judgment was granted in part, and denied in part.[2] More specifically, the Magistrate Judge found that a genuine issue of material fact exists "as to whether Defendants were deliberately indifferent to a substantial risk of serious harm by ignoring

---

[1] R. Doc. 68.
[2] R. Doc. 102

and refusing to credit DuBose's continued complaints of pain and discomfort in his lone, remaining eye;[3] and (2) a genuine dispute of material fact exists as to whether "Nurse Norman was deliberately indifferent to a substantial risk of serious harm by refusing and ignoring DuBose's repeated requests to see a physician following his February 2023 [injury] to his arm/elbow. Defendants object to these two conclusions only and respectfully request that they not be adopted by this Honorable Court.

**A.** **The Court's finding relative to medical care involving Plaintiff's arm/elbow.**

In support of the subject Motion for Summary Judgment, Defendants submitted the Declaration of Nurse Donna Norman ("Norman") as evidence contradicting Plaintiff's claim that she prevented him from seeing a visiting doctor relative to his alleged elbow pain. As noted by the Court, Plaintiff asserts that "Nurse Greer told him that he 'had been refused for seeing visiting doctor[.] [sic].'" and "Norman is responsible for 'rescheduling [him] twice for [him] not seeing a visiting doctor just after injury occurred Feb. 2023.'"[4] In that document, as noted by the Court, Norman testified to the following:[5]

> 18. I did not prevent Plaintiff from seeing a visiting doctor or any other doctor relative to his alleged elbow pain in February of 2024 or any other time.

…

---

[3] *Id.,* page 23.
[4] *Id.,* page 4 (citing R. Docs 33, page 3 and 36, page 4).
[5] See Declaration of Donna Norman, R. Doc. 84.

26-30199.562

16.     It was not my responsibility to reschedule any of Plaintiff's appointments relative to his alleged elbow or arm pain in February of 2023, or at any other time. I did not assume that duty.

17.     The rescheduling of an inmate's medical appointments is the duty of other nurses who work within OCC and not the duty of the medical director of OCC, which I am.

In its Report and Recommendation, the Magistrate Judge did not identify any evidence to contradict Norman's testimonial assertion. Instead, it was surmised that, "Indeed, Nurse Greer told [Plaintiff] that he had been refused to see the visiting doctor. If Nurse Greer did not prevent access, then the most likely suspect was Nurse Greer's superior, i.e. Nurse Norman, as DuBose contends." But this is pure speculation on the part of Plaintiff and, by extension, the Magistrate Judge. The phrase, "the most likely suspect"—as opposed to "the only suspect"—in and of itself suggests the possibility that another person may have allegedly prevented Plaintiff from seeing the visiting doctor. In fact, it is equally possible that, if Plaintiff's allegations regarding his inability to visit the doctor is true, the doctor himself refused to see Plaintiff. Or, perhaps, an OCC correctional officer allegedly prevented Plaintiff from seeing the doctor. What is known with certainty, however, is that Norman affirmatively stated that she did not prevent Plaintiff from seeing a visiting doctor regarding his alleged elbow pain and that she is not responsible for scheduling appointments. Nothing outside of Plaintiff's allegations were identified to counter that assertion.

And even if this Court were to give Plaintiff's unverified Amended Complaints[6] the same evidentiary value as a declaration, an affidavit, or deposition testimony—which, per the United States Fifth Circuit's opinion in the matter of *Scott v. Santos*, 700 F.Supp.3d 548, 552 (5th Cir.

---

[6] R. Docs. 33 & 36, both individually listed on the docket sheet as an "Amended Complaint."

26-30199.563

2023) it should not[7]—Plaintiff's representations in those documents are insufficient for defeating Defendants' summary judgment motion relative to the issue of Plaintiff's ability to see a visiting doctor regarding his elbow pain. As noted by the *Scott* court in 2023, "Nevertheless, even verified allegations cannot defeat summary judgment if they are simply "conclusory allegations," "unsubstantiated assertions," or constitute "only a scintilla of evidence." *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hunt v. Pierson*, 730 F. App'x 210, 212 (5th Cir. 2018) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). Here, Plaintiff has offered nothing other than "conclusory allegations" and "unsubstantiated assertions" in unverified documents which do not serve to contradict Norman's unambiguous and sworn testimony that she "did not prevent Plaintiff from seeing a visiting doctor or any other doctor relative to his alleged elbow pain in February of 2024 *or any other time*." Considering the lack of any competent evidence to the contrary, Defendants respectfully object to the Magistrate Judge's finding and ask that Nurse Donna Norman be afforded qualified immunity relative to Plaintiff's claim that she prevented him from seeing a visiting doctor regarding his alleged elbow pain.

**B.      <u>The Court's finding relative to medical care involving Plaintiff's eye.</u>**

The Report and Recommendation accurately represents Defendants' argument that they were not deliberately indifferent to Dubose's optical medical needs insofar as (1) Plaintiff was sent to see ophthalmologist Dr. Chase Wilson, M.D. (referred to throughout the Report and Recommendation as "AVS") on February 7, 2023 and (2) the medical records generated by Dr. Wilson "issued no orders or medications" and did not indicate any upcoming or additional appointments relative to Plaintiff's eye.[8] The Magistrate Judge further took note of the existence

---

[7] "Mere allegations in a non-movant's complaint are not evidence." *Id.* (citing *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).
[8] R. Doc. 102, page 2.

26-30199.564

of Plaintiff's prior Motion for Preliminary Injunction of April 26, 2024,[9] in which Plaintiff alleged that for almost two years prior to that date Plaintiff "has submitted numerous requests, paper forms, and notes to 'medical' and Warden Campbell about his condition and his need for his scheduled surgery, but he has yet to have it."[10]  However, the Court found that Plaintiff's Motion for Preliminary Injunction should be denied because Plaintiff's "medical records from his February 7, 2023, appointment indicate that Dr. Wilson **did not prescribe or schedule surgery or any other eye treatment**" and, based upon that fact, "there is no indication that defendants delayed any prescribed treatment (because there was no prescribed treatment to delay. Consequently, Plaintiff does not demonstrate a substantial likelihood that defendants were deliberately indifferent to any substantial risk of serious harm." (emphasis added).[11]

The Court came to this conclusion even after considering Plaintiff's representation that he had submitted *numerous* documents to Defendants regarding his alleged eye condition and his purported need for surgery.  In doing so, the Court expressly relied upon the matters of *Clause v. Med. Staff*, 2020 WL 2576140, at *3 (E.D.La. Apr. 30, 2020), *report and recommendation adopted*, 2020 WL 2572477 (E.D.La. May 21, 2020), which held that "[t]he nursing staff obviously cannot be considered to have acted with deliberate indifference for failing to provide medications that were not prescribed or recommended and *Samford v. Bowers*, 2000 WL 140751, at *3 (N.D. Tex. Feb. 4, 2000), *aff'd* 239 F.3d 366 (5th Cir. 2000), holding that a defendant "did not deny the plaintiff access to Lortab for his pain because Lortab was never prescribed for the Plaintiff[.]").

---

[9] R. Doc. 20.

[10] See the Court's "Memorandum Order" relative to Plaintiff's Motion for Preliminary Injunction, R. Doc. 29, page 2.

[11] *Id.*, page 4.

26-30199.565

It must be noted that Plaintiff has alleged Defendants failed to arrange his appearance at a "scheduled surgery."[12] Defendants cannot be deemed deliberately indifferent to Plaintiff's serious medical needs for failing to transport him to a surgery that, to Defendants' knowledge at the time, had never been scheduled. As noted by the Magistrate Judge in her Report and Recommendation:

> "Furthermore, "[t]o succeed on a deliberate-indifference claim, plaintiffs must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citations and internal quotation marks omitted); see also *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if [s]he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Delaughter v. Woodall*, 909 F.3d at 136 (applying *Farmer* to a denial of medical care claim). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006)."

Here, it cannot be said that Defendants *knew* that a substantial risk of harm existed and drew the inference. Plaintiff was seen by an ophthalmologist and Defendants were aware of that fact. The medical paperwork generated by that very same doctor did *not* identify a scheduled surgery relative to Plaintiff's eye. In other words, to Defendants' knowledge, no "treatment [had] been recommended," nor was there any way for Defendants to know that Plaintiff required surgery for his eye, as that finding clearly exceeds what "even laymen would recognize" is a need for care. Remember, it was Plaintiff's contention that Defendants—and undersigned counsel—altered those medical records, suggesting that *those* medical records would have informed Defendants of any upcoming appointments. And they contained no such information.[13] Defendants simply were not

---

[12] R. Doc. 38, Report and Recommendation, pages 2 and 9; R. Doc. 20, page 1.
[13] Nor did Defendants or undersigned counsel alter those records, as shown in the subject motion for summary judgment.

deliberately indifferent in failing to transport Plaintiff to what was known to be a non-existent optical surgery appointment. Even if Plaintiff alleges he received eye surgery once he was transferred from OCC to another facility, that fact is immaterial for the purpose of Defendants' Motion for Summary Judgment. What is crucial is what was known by *these* Defendants at the time of the alleged constitutional violations. A requisite inference could not have been drawn otherwise. Considering that Defendants were not deliberately indifferent to Plaintiff's alleged surgical needs, a finding of qualified immunity is warranted as to both Defendants.

**C.** **Plaintiff failed to identify clearly established law to rebut Defendants' QI defense.**

In order to rebut Defendants' qualified immunity defense, Plaintiff was required to identify clearly established law evincing a violation of Plaintiff's constitutionally protected rights. In other words, Plaintiff was required to provide the court with law showing that "the violative nature of *particular* conduct is clearly established. That is because qualified immunity is inappropriate only where the officer had fair notice—in light of the specific context of the case, not as a broad general proposition—that his *particular* conduct was unlawful." *Ramirez v. Guadarrama*, 3 F.4th 129, 135 n. 3 (5th Cir. 2021) (emphasis court's) (citing *Morrow v. Meachum*, 917 F.3d 870, 875 (5th Cir. 2019). Neither Plaintiff nor the Magistrate Judge identified law stating that an inmate's constitutional rights are violated when a prison official fails to transport him to an alleged surgical appointment they were not aware of. Because no such law was identified, qualified immunity is appropriate relative to Plaintiff's claim Defendants failed to transport him to a surgical appointment they did not know about. *See Nevarez v. Dorris*, 135 F.4th 269, 275-76 (5th Cir. 2025).

7

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court not adopt the Magistrate Judge's Report and Recommendation relative to the denial of Defendants' Motion for Summary Judgment on the issue of delayed medical treatment for Plaintiff's detached focus lens[14] and delayed treatment for broken arm/elbow in February 2023.[15] Defendants further request that this Court adopt the Magistrate Judge's dismissal of an alleged delay following the March 21, 2024 surgical recommendation.[16]

Respectfully submitted,

RODRIGUE & ARCURI, LLP

 s/ *Jason P. Wixom*
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: barcuri@fralawfirm.com
        lrodrigue@fralawfirm.com
        jwixom@fralawfirm.com

---

[14] R. Doc. 102, page 18.
[15] *Id.,* page 23.
[16] *Id*., page 25.

8

26-30199.568

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of March, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

s/ <em>Jason P. Wixom</em>

## Certificate of Service

I certify that on August 12, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

S/Jason Paul Wixom

Jason Paul Wixom